33 F.3d 65
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
James B. KING, Director, Office of Personnel Management, Petitioner,
v.
Donald J. MOIR, Jr., Respondent.
 No. 390.
 United States Court of Appeals, Federal Circuit.
 Feb. 24, 1994.
 
 Before ARCHER, Circuit Judge, COWEN, Senior Circuit Judge, and RADER, Circuit Judge.
 ON OPM PETITION FOR REVIEW
 ORDER
 RADER, Circuit Judge.
 
 
 1
 The Director of the Office of Personnel Management (Director) petitions for review of an arbitrator's October 22, 1993 decision reversing the Office of Personnel Management's (OPM) removal of Donald Moir, Jr. Moir opposes.
 
 
 2
 Moir was removed from his position as an OPM classification standards writer based on (1) insufficiency in the performance of the duties of his position for four years, (2) repeated failure to follow supervisory instructions, and (3) failure to complete assignments in a timely manner. Moir grieved his removal to arbitration. At the arbitration hearing,[1] Moir alleged the affirmative defense of handicap discrimination based on his diabetes and colitis and argued that OPM had failed to accommodate his medical limitations. Moir also argued that his need to care for his ill mother constituted a mitigating circumstance.
 
 
 3
 The arbitrator reversed Moir's removal stating:
 
 
 4
 The evidence presented at hearing fails to prove that Girevant's diabetes and colitis, standing alone or together, contributed to his inefficiency, failure to follow instructions and failure timely to complete assignments. The only disabling feature from colitis in respect to desk work was stated to be the necessity of going to the toilet five to eight times per day, a disability not claimed to have been experienced as an off-work cause by Grievant or by Agency. In regard to diabetes Grievant claimed to have had an insulin reaction only one time while at work. This reaction was handled by Grievant alone without any claimed significant interference with his work.
 
 
 5
 Grievant's handicapping condition, as disclosed by the evidence, resulted from his being as he put it, "stressed out" from having to care for his aged and disabled mother, the resulting tensions in his home and his mother calling him at work. Grievant was simply unable to concentrate on his tasks of writing job standards because of preoccupation with conditions at home. Agency was fully aware of this problem and, indeed, gave Grievant leave, whenever requested properly, to attend to his mother's needs. Agency was informed by letter dated October 10, 1989, from Dr. Kerr that the tense triangle between Grievant, his wife and his mother affected Grievant negatively and impaired his ability to work. This letter, along with Grievant's taking leave to attend to his mother's needs, put Agency on notice that Grievant was at least arguably handicapped within the meeting of 29 C.F.R. Sec. 1613.702(a). Grievant established prima facie that his impairment generally foreclosed his employment for the time being. Vernon v. Veterans Administration, supra, Clancy v. Dept of the Navy, supra. Any lingering doubts on Agency's part could have been resolved by Agency's requesting or requiring Grievant to be examined or interviewed by a physician of Agency's choice. In any event, FPM, Ch. 630, 13-8, recognizes the validity of annual leave and leave without pay for Federal employees to care for elderly parents.
 
 
 6
 The fact that Grievant enrolled in night classes and that he engaged in scuba diving provide no basis for adverse inference concerning his handicapping condition. These activities were undertaken on his own time. Night classes could have helped improve his writing skills. Scuba diving contributed to weight loss, which in turn, contributed to control of his diabetes.
 
 
 7
 That Grievant was, prima facie, entitled to leave to care for his aged and disabled mother is complicated by Grievant's informing Agency that he wanted adjusted working hours and leave on short notice after Union had, on his behalf, requested six months annual leave and leave without pay. It would have been a reasonable accommodation for Grievant to take extended leave, especially since he was unable to do his job, and thus have uninterrupted time to attend to his mother's needs, including the possibility of placing her in a suitable nursing home, without the stress of undergoing disciplinary measures in the nature of opportunity-to-improve periods resulting from his inferior job performance. Had Agency granted Grievant's request for an accommodation of adjusted working schedule and leave on short notice, Grievant would have been permitted to continue the failures for which he was ultimately removed. Grievant's request, if granted, would also have been only patch work and that, indeed, Grievant would be carried on the payroll as an active employee with no expectation of his completing assigned projects efficiently or in a timely manner. Savage v. Dep't of the Navy, supra; Clancy v. Dep't of the Navy, supra. It was incumbent for Agency to grant Grievant an accommodation but not one which would impair the efficiency of the service.
 
 
 8
 The Director urges this court to grant its petition for review arguing (1) that the arbitrator's finding that OPM should have granted Moir six months leave without pay is totally without basis because Moir did not want leave without pay, (2) that the arbitrator misinterpreted civil service law by requiring OPM to undertake an accommodation without requiring the employee to demonstrate that he was handicapped, (3) that, in any event, the accommodation was unreasonable, and (4) that such a drastic departure from precedent would adversely affect the civil service law particularly because OPM advises other agencies on similar matters. In response, Moir argues that the court should deny the Director's petition for review because (1) the Director failed to seek reconsideration of the arbitrator's decision as required by 5 U.S.C. Sec. 7703(d), (2) the Director may not petition this court for review of a mixed case involving discrimination, and (3) the arbitrator's decision is "fact-bound" and will not have the requisite substantial impact on the administration of the civil service as required by Sec. 7703(d).
 
 
 9
 As a threshold matter, we address Moir's first argument that the Director was required to seek reconsideration of the arbitrator's decision before he could petition this court for review. Section 7703(d) provides:[2]
 
 
 10
 (d) The Director of the Office of Personnel Management may obtain review of any final order or decision of the Board by filing a petition for judicial review in the United States Court of Appeals for the Federal Circuit if the Director determines, in his discretion, that the Board erred in interpreting a civil service law, rule or regulation affecting personnel management and that the Board's decision will have a substantial impact on a civil service law, rule, regulation, or policy directive. If the Director did not intervene in a matter before the Board, the Director may not petition for review of a Board decision under this section unless the Director first petitions the Board for a reconsideration of its decision, and such petition is denied. In addition to the named respondent, the Board and all other parties to the proceedings before the Board shall have the right to appear in the proceeding before the Court of Appeals. The granting of the petition for judicial review shall be at the discretion of the Court of Appeals. [Emphasis added.]
 
 
 11
 Moir argues that OPM was not an intervenor before the arbitrator, it was the employing agency/party, and that its role as the employing agency was to have Moir's removal upheld whereas OPM's role in seeking reconsideration encompasses broader concerns affecting interpretation of statutes and the administration of the civil service system. Moir does not argue, but we note additionally, that the parties are arguably different. Before the arbitrator, the agency, OPM, was the party. Section 7703(d) requires that the Director of OPM intervene or petition for reconsideration.
 
 
 12
 The Director asserts that he is not required to seek reconsideration when OPM was a party to the proceedings below, relying on several Merit Systems Protection Board cases. See Jacobson v. OPM, 28 MSPR 441 (1985); Special Counsel v. Williams, 29 MSPR 1 (1985). However, in those cases, the Director did petition for reconsideration and the Board denied the petitions. We read those cases as suggesting that the Board would generally deny such petitions because it had already heard OPM's views, not that OPM was precluded from filing such a petition. In any event, the Board did not purport to be considering the issue of this court's jurisdiction.
 
 
 13
 We acknowledge that the circumstances are unusual here because OPM was a party to the arbitral proceeding. Nonetheless, a plain reading of the statute mandates that the Director seek reconsideration of the arbitrator's decision before he seeks judicial review. OPM's role at the arbitration hearing, like any agency's role, was to defend its removal action. There was no underlying issue of impact on the civil service system as a whole. The Director's role here, in contrast, is broader based. The statutory scheme requiring OPM to seek reconsideration provides the Director with an opportunity to set forth his concerns and the decisionmaker to consider them before judicial review. Giving the parties an opportunity to argue the merits of the decision may be particularly beneficial in this case in view of the Director's argument that the arbitrator based his decision on grounds not advocated by either party. In that regard, a remand to the arbitrator is warranted. See Newman v. Corrado, 897 F.2d 1579 (Fed.Cir.1990) (arbitrator required on remand to receive and consider merits of OPM's reconsideration petition).
 
 
 14
 Accordingly,
 
 IT IS ORDERED THAT:
 
 15
 The Director's case is remanded to the arbitrator to permit the Director to seek reconsideration.
 
 
 
 [1]
 The arbitrator also considered and upheld a two-day suspension that Moir had grieved. That issue is not before this court
 
 
 [2]
 Section 7121 of 5 U.S.C. brings arbitrator's decisions within the ambit of Sec. 7703(d)