22 F.3d 1106
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 James B. KING, Director, Office of Personnel Management, Petitioner,
v.
James E. FERRIER, Jr., Respondent,
and
Merit Systems Protection Board, Respondent.
 No. 94M396.
 United States Court of Appeals, Federal Circuit.
 March 25, 1994.
 
 Before MICHEL, Circuit Judge, BENNETT, Senior Circuit Judge, and LOURIE, Circuit Judge.
 ON OPM PETITION FOR REVIEW
 ORDER
 MICHEL, Circuit Judge.
 
 
 1
 The Director of the Office of Personnel Management (Director) petitions for review of the Merit Systems Protection Board's January 5, 1994 decision reversing an Administrative Judge's affirmance of the Office of Personnel Management's (OPM) denial of Ferrier's claim for law enforcement officer retirement credit. Neither the Board nor Ferrier opposes.
 
 
 2
 Ferrier served as a police officer with the Fish and Wildlife Service from 1979 through 1989. Ferrier requested that OPM grant him "law enforcement officer" retirement credit under the provisions of 5 U.S.C. Sec. 8336(c). OPM denied his request and Ferrier appealed to the Board. The Administrative Judge (AJ) affirmed OPM's decision determining that Ferrier failed to establish that the duties of his position were primarily within the statutory definition of "law enforcement officer" as defined in 5 U.S.C. Sec. 8331(20). The AJ determined that Ferrier's primary duties involved "the protection and preservation of the Wildlife Refuge Complex and the protection and safety of the visitors to the Complex."
 
 
 3
 The Board granted Ferrier's petition for review, reversed the AJ's initial decision, and ordered OPM to award Ferrier law enforcement officer retirement credit. Relying on Ferrier's position description, the testimony of Ferrier and his supervisor, the "Refuge Law Enforcement Plan", and numerous citations and reports issued or prepared by Ferrier and other police officers with the Fish and Wildlife Service, the Board determined that Ferrier "engaged in the investigation of individuals suspected of wrongdoing" and that Ferrier's "primary duty was law enforcement."
 
 
 4
 The Director urges this court to grant his petition for review arguing that the Board erred by (1) relying upon evidence that reflected the activities of the officers at the Refuge in general, rather than Ferrier's activities specifically, and (2) by treating Ferrier's duties enforcing California state traffic and vehicle regulations as acts against persons suspected of "offenses against the criminal laws of the United States" under Sec. 8331(20). The Director asserts that the Board's errors in interpreting the applicable civil service laws "will have a substantial detrimental impact on civil service law."
 
 
 5
 As a threshold matter, we consider whether the Director was required to seek reconsideration of the Board's decision before he could petition this court for review. Section 7703(d) provides:
 
 
 6
 (d) The Director of the Office of Personnel Management may obtain review of any final order or decision of the Board by filing a petition for judicial review in the United States Court of Appeals for the Federal Circuit if the Director determines, in his discretion, that the Board erred in interpreting a civil service law, rule or regulation affecting personnel management and that the Board's decision will have a substantial impact on a civil service law, rule, regulation, or policy directive. If the Director did not intervene in a matter before the Board, the Director may not petition for review of a Board decision under this section unless the Director first petitions the Board for a reconsideration of its decision, and such petition is denied. In addition to the named respondent, the Board and all other parties to the proceedings before the Board shall have the right to appear in the proceeding before the Court of Appeals. The granting of the petition for judicial review shall be at the discretion of the Court of Appeals. [Emphasis added.]
 
 
 7
 The statute plainly states that the Director must petition the Board for reconsideration. The question here is whether that requirement is waived when OPM was one of the parties before the Board. We conclude that the requirement was not waived. First, the parties are arguably different. Before the Board, the agency, OPM, was the party. In contrast, Sec. 7703(d) requires the Director of OPM to petition for reconsideration. Second, OPM's role at the Board was to defend its denial of Ferrier's retirement claim. The Director's role here, in contrast, is broader based. The Director is concerned with the impact of the decision on the administration of the civil service as a whole. The statutory scheme requiring the Director to seek reconsideration provides the Director with an opportunity to set forth his concerns and an opportunity for the decisionmaker to consider them before judicial review. In that regard, a remand to the Board is warranted. Cf. Newman v. Corrado, 897 F.2d 1579 (Fed.Cir.1990) (arbitrator required on remand to receive and consider merits of OPM's reconsideration petition).
 
 
 8
 Accordingly,
 
 IT IS ORDERED THAT:
 
 9
 The Director's case is remanded to the Board to permit the Director to seek reconsideration.