43 F.3d 1485
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
James B. KING, Director, Office of Personnel Management, Petitioner,
v.
Richard L. FRAZIER, Respondent.
 Misc. No. 389.
 United States Court of Appeals, Federal Circuit.
 Sept. 28, 1994.
 
 Before ARCHER, Chief Judge, COWEN, Senior Circuit Judge, and RADER, Circuit Judge.
 ON PETITION FOR REHEARING
 RADER, Circuit Judge.
 
 ORDER
 
 1
 The Office of Personnel Management (OPM) petitions for rehearing of the court's order denying its petition for review of an arbitrator's decision reversing the Department of Housing and Urban Developments's (HUD) 60-day suspension of Richard L. Frazier. OPM also submits additional authority in support of its petition for rehearing. Richard L. Frazier opposes.*
 
 
 2
 This court has the duty to independently assess whether an exercise of our discretionary jurisdiction is warranted "because the decision will have a substantial impact on civil service law." Devine v. Sutermeister, 724 F.2d 1558 (Fed.Cir.1983). In our initial order, this court denied OPM's petition for review because we were "not persuaded that the decision will have the requisite substantial impact" as required by 5 U.S.C. Sec. 7703(d). We stated in relevant part:
 
 
 3
 Importantly, it appears that HUD, at least tacitly, agreed to the standards and burdens of proof that were presented in the arbitration proceeding.... Here, the decision of the arbitrator stemmed from the parties' formulation of the issues and presentation of their cases. OPM cannot now argue that the decision will have a substantial impact when the agency agreed to the terms of the hearing.
 
 
 4
 OPM argues that rehearing should be granted based on three grounds: (1) the Civil Service Reform Act and this court's precedent "permit the OPM, because of its important role as the overseer of the Federal Personnel system, to assert errors in an arbitrator's decision even if those errors were not raised by the agency in the initial arbitration hearing;" (2) the arbitrator's conclusions "with respect to sexual harassment in the workplace do not comport with Supreme Court precedent, and, therefore, place civil service law at odds with Title VII of the Civil Rights Act of 1964;" and 3) because of this court's intervening case on sexual harassment, King v. Hillen, 21 F.3d 1572 (Fed.Cir.1994).
 
 
 5
 In response, Frazier argues that OPM's cited authorities are not on point because they pertain to the liability of an employer, not to the discipline of an offending employee. Frazier also reasserts his argument that the arbitrator's decision will have minimal impact upon civil service law.
 
 
 6
 With regard to OPM's first argument, the language of our earlier order suggested that OPM is estopped from arguing that the agency's conduct in formulating the issues and its agreement to the burdens of proof was error. OPM argues here that is not barred from taking a position contrary to that of the agency. We are not persuaded that OPM's argument is entirely on point. We note that the initial order focused on the agency's stipulation adopting the just cause standard and the agency's litigation choices, not on legal issues concerning sexual harassment. However, this court has recognized that OPM, on reconsideration and before this court, is not barred from raising an issue that an agency failed to raise. See Newman v. Corrado, 897 F.2d 1579, 1582 (Fed.Cir.1990); Devine v. Levin, 739 F.2d 1567, 1570 (Fed.Cir.1984). Regardless of the efficacy of this argument of OPM, we agree that rehearing is warranted because of the reasons discussed below.
 
 
 7
 We next consider OPM's arguments regarding the alleged inconsistency between the arbitrator's decision and Supreme Court precedent interpreting Title VII prohibitions against sexual harassment, and the impact of Hillen. After the issuance of the court's initial order, the court decided Hillen, a case setting forth the standards for analyzing whether sexual harassment occurred in the workplace. In Hillen, the court applied the Supreme Court's analysis in Harris v. Forklift Systems, Inc., 114 S.Ct. 367 (1993) which required "both an objective reasonableness standard in evaluating the conduct and its effect on the work environment and also considers the subjective perception of the victim."
 
 
 8
 The arbitrator's decision reversed the agency's 60-day suspension and determined that Frazier was "not guilty of sexual harassment." The arbitrator based his award, inter alia, on the following findings:
 
 
 9
 There was no evidence presented that any supervisory personnel ever brought to the grievant's attention that his conduct was unacceptable, and that his statements were considered to be sexual harassment.
 
 
 10
 In the arbitrator's opinion, Mr. Frazier did not know right from wrong; that his conduct was contrary to public policy, let alone that his sexually explicit statements directly made to a number women exhibited notoriously disgraceful conduct or even that his several outbursts in the office, sexually describing women passing outside and his desires as they pertained to these women were unprofessional and lacked good taste.
 
 
 11
 The arbitrator determined that "the verbal statements made by Mr. Frazier to the witnesses could be perceived by most as no less than notoriously disgraceful conduct," and that "sexual harassment is whatever is perceived by the person who is subjected to the sexually explicit statements of another." Nevertheless, the arbitrator concluded that Frazier was "not guilty" of sexual harassment because of his alleged ignorance regarding the wrongfulness of his behavior and the lack of evidence indicating that management informed Frazier of the penalties that the agency could invoke as a result of his conduct. Given the court's recent elucidation of the standards governing sexual harassment in the workplace, the court should have the opportunity to consider the arbitrator's decision in light of the Hillen standards.
 
 
 12
 Because of the court's intervening case law and our consideration of the issues raised by OPM's petition for rehearing, we conclude that OPM's petition for review of the arbitrator's decision should be granted.
 
 
 13
 Accordingly,
 
 IT IS ORDERED THAT:
 
 14
 (1) OPM's petition for rehearing is granted. The court's initial order is vacated.
 
 
 15
 (2) OPM's petition for review is granted.
 
 
 
 *
 The court also received two submissions from the arbitrator. However, because the arbitrator is not a party to these proceedings, the court will not consider these submissions