**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| JASON KRAFT, | DOCKET NUMBER |
| Appellant, | DA-0752-14-0259-I-1 |
| v. | |
| DEPARTMENT OF | DATE: February 26, 2015 |
| TRANSPORTATION, | |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Sean Lafferty, Esquire, Burlington, Massachusetts, for the appellant.

Elizabeth J. Head, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1    The appellant has filed a petition for review of the initial decision, which sustained his removal from his position as an Air Traffic Control Specialist. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2      Prior to his removal, the appellant was employed as an Air Traffic Control Specialist in Austin, Texas. The Air Traffic Manager at that facility proposed the appellant's removal on a charge of criminal conduct. Initial Appeal File (IAF), Tab 5, Subtab 4e at 76. As described in the proposal notice, the appellant on two occasions engaged in online communication with individuals he believed were 13- or 14-year-old girls, which included not only sexually explicit conversation, but also his engaging in lewd conduct via webcam. *Id*. at 76-77. On the second occasion, when he believed he also was communicating with the girl's mother, the appellant made arrangements to meet both of them. *Id*. at 77. He was arrested when he arrived at the designated location, later pleaded guilty to Attempted Online Solicitation of a Minor under the Texas Penal Code, and was sentenced to 10 years deferred adjudication, 90 days in the county jail, and a fine. *Id*. The Air Traffic Manager cited the agency's Standards of Conduct, which state that employees are expected to conduct themselves in a manner that will not adversely reflect on the agency's ability to discharge its mission, cause

embarrassment to the agency, or cause the public or managers to question the employee's reliability, judgment, and trustworthiness. *Id.* He stated that the appellant's criminal conduct was serious and cast grave doubt on his judgment, trustworthiness, integrity, and reliability. *Id.* In his response to the proposed removal, the appellant did not dispute any of the factual allegations or that he had pleaded guilty and was sentenced as described above. IAF, Tab 5, Subtab 4f at 72-73. He instead argued that there was no nexus between his criminal conduct and the efficiency of the service. *Id.* A decision to remove the appellant was made on January 14, 2014, and effected on January 25, 2014. IAF, Tab 5, Subtabs 4b-4c at 62, 65-68.[2]

¶3          In finding that the agency established that disciplinary action would "promote the efficiency of the service," as required by 5 U.S.C. § 7513(a), the administrative judge stated that this nexus requirement is satisfied when the grounds for the action relate to either the employee's ability to accomplish his duties or some other legitimate government interest and that removal is a reasonable penalty for off-duty misconduct that adversely affects the agency's trust and confidence in the appellant's job performance or that interferes with or adversely affects the agency's mission. IAF, Tab 21, Initial Decision (ID) at 8. The administrative judge found that agency management reasonably lost confidence in the appellant's reliability, integrity, trustworthiness, and job performance because he engaged in criminal conduct, not merely private dishonesty, and that the agency therefore satisfied the nexus requirement. ID at 8-9. The administrative judge further found that the agency did not commit harmful procedural error by violating its Manager's Guide to Discipline or a provision of the applicable collective bargaining agreement. ID at 4-8. Finally,

---

[2] We note that the same person was both the proposing and deciding official. The Board has held that this is permissible in chapter 75 proceedings. *Fontes v. Department of Transportation*, 51 M.S.P.R. 655, 667 n.10 (1991); *Davis v. Department of Transportation*, 39 M.S.P.R. 470, 479, *aff'd*, 892 F.2d 1051 (Fed. Cir. 1989) (Table).

the administrative judge determined that the removal penalty was within the bounds of reasonableness. ID at 9-10.

¶4 The appellant filed a timely petition for review in which he challenges the administrative judge's determination that nexus was established between his off-duty misconduct and the efficiency of the service and that the removal penalty was reasonable.[3] Petition for Review (PFR) File, Tab 1.

## ANALYSIS

<u>The administrative judge correctly found that the agency established nexus between the appellant's off-duty misconduct and the efficiency of the service.</u>

¶5 The Board has long held that an agency may show nexus between off-duty misconduct and the efficiency of the service by any of three means: (1) a rebuttable presumption in certain egregious circumstances; (2) preponderant evidence that the misconduct adversely affects the appellant's or coworkers' job performance or the agency's trust and confidence in the appellant's job performance; or (3) preponderant evidence that the misconduct interfered with or adversely affected the agency's mission. *E.g.*, *Scheffler v. Department of the Army*, 117 M.S.P.R. 499, ¶ 10 (2012), *aff'd*, 522 F. App'x 913 (Fed. Cir. 2013); *Kruger v. Department of Justice*, 32 M.S.P.R. 71, 74 (1987). Although the agency's proposal notice relied on both of the first two criteria, IAF, Tab 5 at 77-78, the administrative judge relied only on the second criterion. ID at 8-10. In finding justification for the agency's position, the administrative judge found that it had properly relied on its Standards of Conduct, which provide that employees are expected to conduct themselves in a manner that will not "cause the public or managers to question the employee's reliability, judgment, and trustworthiness." *See id.* (quoting the agency's Standards of Conduct, IAF, Tab 5, Subtab 4e at 78). Here, the record reflects that the appellant's off-duty

---

[3] We concur with the administrative judge's determination that the removal penalty did not exceed the bounds of reasonableness for the reasons stated in the initial decision. ID at 8-10.

misconduct reasonably led his managers to question his reliability, judgment, and trustworthiness.

¶6        The appellant devotes most of his petition for review to arguing that the agency failed to establish nexus under the first criterion, i.e., a rebuttable presumption for certain egregious conduct. PFR File, Tab 1 at 6-12. We address his arguments in this regard because there is not always a clear distinction between the first and second *Kruger* criteria, in that an employee's egregious off-duty misconduct may also lead managers to lose trust and confidence in his performance. The Board and its reviewing court have found nexus for egregious off-duty conduct in a number of cases similar to the present case. *See Allred v. Department of Health & Human Services*, 786 F.2d 1128 (Fed. Cir. 1986) (employee pleaded nolo contendere to a charge of child molestation involving a 12-year old boy); *Graybill v. U.S. Postal Service*, 782 F.2d 1567 (Fed. Cir. 1986); *Williams v. General Services Administration*, 22 M.S.P.R. 476 (1984) (employee pled guilty to a charge of sexual assault on a child), *aff'd*, 770 F.2d 182 (Fed. Cir. 1985) (Table); *Hayes v. Department of the Navy*, 15 M.S.P.R. 378 (1983) (employee convicted of assault and battery of a 10-year old girl), *aff'd*, 727 F.2d 1535 (Fed. Cir. 1984). Although the appellant's behavior did not involve a physical assault on a child, we conclude that his criminal misconduct was sufficiently egregious to meet this criterion.

¶7        The appellant cites an MSPB initial decision and two arbitration decisions for his contention that his conduct did not establish nexus under the egregious misconduct criterion. PFR File, Tab 1 at 8-11. However, MSPB initial decisions have no precedential value. *Roche v. Department of Transportation*, 110 M.S.P.R. 286, ¶ 13 (2008), *aff'd sub nom. Roche v. Merit Systems Protection Board*, 596 F.3d 1375 (Fed. Cir. 2010); *Rockwell v. Department of Commerce*, 39 M.S.P.R. 217, 222 (1988). The Board gives great deference to an arbitrator's factual determinations and will reverse or modify an arbitration decision only when the arbitrator has erred as a matter of law in interpreting a civil service law,

rule, or regulation.  *E.g.*, *Brookens v. Department of Labor*, [120 M.S.P.R. 678](), ¶ 8 (2014); *Vena v. Department of Labor*, [111 M.S.P.R. 165](), ¶ 5 (2009).  Arbitrators must, however, apply the same substantive rules that the Board applies. *Cornelius v. Nutt*, [472 U.S. 648](), 660 (1985); *Newman v. Corrado*, [897 F.2d 1579](), 1582 (Fed. Cir. 1990).  The Board and Federal Circuit decisions cited in the preceding paragraph, not the arbitration decisions cited by the appellant, are controlling authority for establishing nexus for off-duty misconduct.

¶8      As the appellant points out, the commission of egregious off-duty misconduct creates a rebuttable presumption of nexus, not a conclusive one, and can be overcome by evidence showing an absence of adverse effect on service efficiency.  *See Allred*, 786 F.2d at 1131; *Johnson v. Department of Health & Human Services*, [22 M.S.P.R. 521](), 524 (1984); *Doe v. National Security Agency*, [6 M.S.P.R. 555](), 561 (1981), *aff'd sub nom. Stalans v. National Security Agency*, [678 F.2d 482]() (4th Cir. 1982).  The appellant asserts that he rebutted any presumption of nexus, in that the deciding official admitted that the appellant's off-duty misconduct did not involve any publicity or notoriety that might damage the reputation of the agency and that his coworkers were not aware of the misconduct.  PFR File, Tab 1 at 3; IAF, Tab 5, Subtab 4c at 66.  The mere absence of publicity or notoriety and coworkers' ignorance is not sufficient under the facts of this case to rebut the bare presumption of nexus created by egregious conduct.  *See Allred*, 786 F.2d at 1131-32; *Johnson*, 22 M.S.P.R. at 529-30; *Doe*, 6 M.S.P.R. at 562.  As set forth above, the appellant's off-duty misconduct led his managers to question his reliability, judgment, and trustworthiness.  *See Allred*, 786 F.2d at 1131-32 (evidence of good performance between an arrest for child molestation and an indefinite suspension, as well as absence of adverse publicity, were insufficient to rebut the presumption of nexus when "pitted against the direct relationship of his misconduct to the agency's mission and the showing that his supervisors had lost trust and confidence in him.").

<u>The appellant did not establish harmful procedural error or that violation of an agency policy or collective bargaining agreement precluded a finding that the agency established nexus.</u>

¶9        The appellant alleges that the agency's Guide to Discipline precluded the agency from taking disciplinary action for his off-duty misconduct.  PFR File, Tab 1 at 12-14.[4]  The Guide included the following provisions:

> The agency's Standards of Conduct states [sic] that all employees are responsible for conducting themselves in a manner which will ensure that their activities do not reflect discredit on the federal government or the FAA.  However, failure to meet this standard when off duty does not always mandate discipline. You have to be able to show the required nexus.  Even instances of criminal conduct do not always establish nexus.  This may seem shocking to some and not to others but there are convicted felons working in the federal government.  A criminal conviction, by itself, does not establish nexus.  What the employee did which resulted in the criminal conviction has to be evaluated.  However, there are some criminal behaviors that are so egregious, i.e. murder, where nexus is presumed.
>
> …
>
> There have been several third party litigations involving abhorrent or deviant off-duty behavior by FAA employees.  This behavior included sexual molestation, incest with a child, and taking indecent liberties with a child.  In each of these cases, a third party decided the employee's ability to make the kind of decisions required by an Air Traffic Control Specialist was not affected by the off-duty misconduct.  Therefore, no nexus was established and the disciplinary actions were overturned.  However, the nexus requirement would have certainly been met if an employee's job

---

[4] The appellant argues that the administrative judge erred in treating his contentions with respect to the Guide to Discipline and the terms of the collective bargaining agreement as constituting an allegation of harmful procedural error under 5 U.S.C. § 7701(c)(2)(A).  PFR File, Tab 1 at 15.  He argues that these authorities are pertinent only to whether nexus was established between the charged conduct and the efficiency of the service.  *Id.*  He later cited the proposition that an agency is required to act in accordance with its procedures and collective bargaining agreements.  PFR File, Tab 1 at 16.  Although there is support for this proposition, it is pertinent to whether the agency has committed harmful procedural error.  It does not matter whether these authorities are discussed in connection with the nexus requirement of 5 U.S.C. § 7513(a) or whether the agency committed harmful procedural error under 5 U.S.C. § 7701(c)(2)(A).

> duties included responsibilities such as managing a childcare center, providing Employee Assistance Program services, or providing conduct and discipline advice to managers.

PFR File, Tab 1 at 13-14; IAF, Tab 20, Subtab H at 102-03.

¶10      We note that the first paragraph quoted above does not in any way conflict with our jurisprudence about creating a rebuttable presumption of nexus when an employee has engaged in egregious off-duty conduct. The reasoning of the second paragraph would tend to support a finding of no nexus and is in accord with the arbitration decisions cited by the appellant. As the administrative judge found, however, it is merely a "Guide" and does not state any rule, regulation, or collective bargaining procedure. ID at 6; IAF, Tab 20, Subtab H at 100-101.

¶11      Turning to the terms of the collective bargaining agreement, Article 10, section 4 provides that an employee's off-duty misconduct shall not result in disciplinary action unless nexus can be shown between the employee's off-duty misconduct and the efficiency of the service. IAF, Tab 5, Subtab 2 at 50. The collective bargaining agreement does nothing more than reiterate the nexus requirement of 5 U.S.C. § 7513(a). As discussed above, that requirement has been met in this case.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held

that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____
William D. Spencer
Clerk of the Board

Washington, D.C.