60 F.3d 840
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 James B. KING, Director, Office of Personnel Management, Petitioner,
v.
Ethel D. BRIGGS, Respondent,
and
Merit Systems Protection Board, Respondent.
 No. 423.
 United States Court of Appeals, Federal Circuit.
 June 8, 1995.
 
 Before RICH, Circuit Judge, BENNETT, Senior Circuit Judge, and NEWMAN, Circuit Judge.
 ON PETITION FOR REVIEW
 ORDER
 RICH, Circuit Judge.
 
 
 1
 The Director of the Office of Personnel Management (OPM) petitions for review of two orders of the Merit Systems Protection Board. Ethel D. Briggs opposes. The Board opposes in part. The Board moves to limit the issues on review in the event that OPM's petition for review is granted. The Board states that Briggs does not oppose. The "United States" opposes the motion to limit the issues on review.[1]
 
 BACKGROUND
 
 2
 Briefly, the National Council on Disability removed Briggs from her excepted service position as the National Council's Executive Director. Briggs appealed her removal to the Board. On April 8, 1993, the Administrative Judge (AJ) dismissed Briggs' appeal for lack of jurisdiction because the AJ determined that Briggs was not the type of employee entitled to appeal a removal. Briggs petitioned the Board for review of the AJ's initial decision. On January 7, 1994, the Board granted Briggs' petition, vacated the initial decision, and remanded (first order). The Board decided that Briggs met the definition of "employee" in 5 U.S.C. Sec. 7511(a)(1)(C)(ii) and that, although 29 U.S.C. Sec. 783(a)(1) permits the National Council to appoint an Executive Director without regard to provisions concerning competitive service appointments, the statute does not exclude the Executive Director from coverage under the Civil Service Due Process Amendments of 1990, Pub. L. No. 101-376, 104 Stat. 461 (1990). Pursuant to the Due Process Amendments, the Board explained, Briggs would be entitled to adverse action appeal rights unless the agency head (1) determined that the Executive Director position was "of a confidential, policy-determining, policy-making, or policy-advocating character" and (2) conveyed that determination to Briggs before Briggs accepted the position. See 5 U.S.C. Sec. 7511(b)(2)(C). The Board remanded for a hearing.
 
 
 3
 On May 10, 1994, the AJ held that the agency head had not made the determination concerning the "policy" nature of the job or, if made, that the determination was not conveyed to Briggs. Thus, the AJ held that Briggs was entitled to appropriate procedural protections[2] before Briggs could be removed and that Briggs was not provided with those protections. The AJ reversed the National Council's removal. The National Council petitioned the Board for review of the AJ's remand decision and OPM filed a notice of intervention. OPM argued, inter alia, that when Congress exempts a position from the appointment provisions of the competitive service and excludes the position from title 5 pay and classification provisions, such a position is exempted from other provisions of title 5 including the removal provisions.[3]
 
 
 4
 On December 7, 1994, the Board summarily denied the National Council's petition for review because it did not meet the criteria for review set forth at 5 C.F.R. Sec. 1201.115 (second order). The Board did not address OPM's arguments. OPM petitions for review.
 
 DISCUSSION
 
 5
 Pursuant to 5 U.S.C. Sec. 7703(d), OPM may seek review of a Board decision when OPM determines, in its discretion, that the Board erred in interpreting a civil service law, rule or regulation, and that the Board's decision will have a substantial impact on the administration of the civil service. This court must independently determine whether an exercise of our jurisdiction is warranted and whether OPM has shown the requisite substantial impact. Devine v. Sutermeister, 724 F.2d 1558, 1562 (Fed. Cir. 1983). When the interpretation of a statutory or regulatory provision is at issue, it is particularly appropriate to grant an OPM petition for review. See, e.g., King v. Hillen, 21 F.3d 1572 (Fed. Cir. 1994); Brook v. Corrado, 999 F.2d 523 (Fed. Cir. 1993); Horner v. Schuck, 843 F.2d 1368 (Fed. Cir. 1988).
 
 
 6
 In its petition, OPM raises two issues. First, it argues that the Board erred when it did not discuss OPM's arguments in its second order and that the Board's failure to address OPM's arguments is reviewable by this court. Stated another way, OPM argues that the Board was required to issue a precedential order addressing OPM's arguments. Second, OPM seeks review of the issue of whether an agency must apply general civil service provisions, including those governing removals, to persons in positions that are excepted from the competitive service appointment provisions and excluded from title 5 pay and classification provisions.
 
 
 7
 We discuss the latter issue first. Briggs opposes review of the Board's first order. The Board does not oppose review of that order. We agree with OPM and the Board that review is appropriate. When the Board and OPM disagree about the interpretation of a statute or regulation that affects the administration of the civil service, it is particularly appropriate for this court to review the Board's order and resolve the dispute. See, e.g., Horner v. Schuck, 843 F.2d 1368 (Fed. Cir. 1988) (review was proper where OPM and the Board disagreed as to interpretation of collective bargaining agreement negotiated pursuant to Postal Reorganization Act). OPM has demonstrated that the Board's first order requiring agencies to expand the type of employees to which appeal rights must be given has the requisite substantial impact on the administration of the civil service system.
 
 
 8
 Briggs and the Board both oppose review of the Board's failure to address OPM's arguments in the Board's second order. The Board and Briggs argue (1) that the Board's second order was nonprecedential, (2) that the Board's second order thus cannot have a substantial impact on the civil service system, and (3) that in any event the Board had addressed the issues OPM raised in its first order. In response, OPM argues that the Board may not insulate an order from this court's review by issuing it as nonprecedential and that it raised an issue different from the ones addressed by the Board in its first order.
 
 
 9
 In Newman v. Lynch, 897 F.2d 1144 (Fed. Cir. 1990), we considered a similar issue. In that case, OPM petitioned this court for review of a Board decision that held that a certain handicap discrimination law was not a civil service law. Pursuant to OPM's petition for reconsideration, the Board refused to consider OPM's arguments on the substantive merits because the Board decided that OPM had no authority to petition for reconsideration of the Board's decision. Specifically, the Board decided that OPM had not shown that the Board's earlier decision involved the interpretation of a civil service law. OPM petitioned this court for review. The issue originally presented was limited to the substantive correctness of the Board's decision holding that the handicap discrimination law was not a civil service law. During oral argument, the court requested briefing on the issue of whether the Board could refuse to consider the merits of OPM's reconsideration petition. We subsequently decided the issue, rejecting the Board's argument that it had the authority to review OPM's discretionary determination of whether a case involved the interpretation of a civil service law. We also noted that the Board's consideration of OPM's petition for review "provides this court with the benefits of the Board's review of the petition only if the Board considers the petition on the merits" and that OPM's right to seek reconsideration would be "emasculated by the Board if the Board may refuse reconsideration without addressing the merits of the substantive issues raised by OPM." Lynch, 897 F.2d at 1147. In view of Lynch, it is clear that OPM may raise and that this court may review the Board's failure to issue a precedential order. See also Devine v. Levin, 739 F.2d 1567, 1570 (Fed. Cir. 1984) (court reviewed substantive issue and issue concerning whether an arbitrator could refuse to allow OPM to raise a jurisdictional issue not previously raised by the parties). We do not decide the merits of the issue here. The arguments relating to the propriety thereof should be presented in the parties' briefs.
 
 
 10
 We turn now to the Board's motion to limit the issues on review. Apparently, the Board is referring to the National Council's statement in a document filed at the Board that it wishes to raise other issues in the proceedings before this court. However, OPM states that it has not attempted to raise issues other than those asserted in OPM's petition for review. Thus, it appears that the Board's motion is speculative.
 
 
 11
 Accordingly,
 
 IT IS ORDERED THAT:
 
 12
 (1) OPM's petition for review is granted.
 
 
 13
 (2) The Board's motion to limit the issues on review is denied.
 
 
 
 [1]
 In the motions and responses submitted to this court, the Department of Justice, which professes to represent both the Office of Personnel Management and the National Council on Disability, refers generally to these government agencies as the "United States." We properly refer hereafter to the "United States" as OPM
 
 
 [2]
 The AJ stated that Briggs was entitled to "(1) Thirty-days advance written notice of the proposed action; (2) a reasonable amount of time to respond to the proposed action; (3) the right to representation; and (4) a written decision on the proposed action."
 
 
 [3]
 It does not appear that the Board addressed this precise issue in its January 7, 1994 decision