**James B. KING, Director, Office of Personnel Management, Petitioner,**

v.

**Ethel D. BRIGGS, Respondent,**

and

**Merit Systems Protection Board, Respondent.**

No. 95–3583.

United States Court of Appeals, Federal Circuit.

May 6, 1996.

Armando O. Bonilla, Commercial Litigation Branch, Department of Justice, Washington, DC, argued for petitioner. With him on the brief were Frank W. Hunger, Assistant Attorney General and David M. Cohen, Director. Also on the brief were Lorraine Lewis, General Counsel, and Steven E. Abow, Office of the General Counsel, Office of Personnel Management, Washington, DC, of counsel.

Philip J. Simon, Kator, Scott & Heller, Washington, DC, argued for respondent, Ethel D. Briggs. With him on the brief was Joseph B. Scott.

Melissa A. Mehring, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, argued for respondent, Merit Systems Protection Board. With her on the brief were Mary L. Jennings, Acting General Counsel and David C. Kane, Assistant General Counsel.

Before MICHEL, Circuit Judge, SKELTON, Senior Circuit Judge, and PLAGER, Circuit Judge.

Opinion for the court filed by Circuit Judge MICHEL. Concurring opinion filed by Circuit Judge PLAGER.

MICHEL, Circuit Judge.

The Director of the Office of Personnel Management (OPM), with our prior approval,[1] appeals from the Merit Systems Protection Board's (Board) denial of its petition requesting reversal of the Board's January 1994 decision in the case of *Briggs v. National Council on Disability,* 60 M.S.P.R. 331 (1994). In the unpublished December 1994 order from which the OPM appeals, 65 M.S.P.R. 509 (1994) (table), the Board upheld the Administrative Judge's (AJ) remand decision applying its January 1994 decision and concluding both that the Board had jurisdiction over Ethel D. Briggs' appeal and that the National Council on Disability (Council) had removed her without observing the procedural requirements provided by 5 U.S.C. § 7513(b).[2] The appeal was submitted for decision after oral argument on February 6, 1996. Because we conclude that the Board had jurisdiction over Briggs' appeal from her removal by the Council, we affirm.

## BACKGROUND

On November 12, 1992, the Council removed Briggs from her position as the Council's Executive Director, a position she had occupied since April 9, 1990. She appealed her removal to the Board a month later.

In her April 1993 initial decision, the AJ concluded that the Board did not have jurisdiction over Briggs' appeal. Specifically, after reviewing regulatory positions that the OPM had taken in both the Federal Personnel Manual and regulations implementing the Civil Service Due Process Amendments Act of 1990, Pub.L. No. 101–376, 104 Stat. 461 (codified in 5 U.S.C.) (Due Process Amendments), the AJ concluded that "[t]he Board lacks jurisdiction over this appeal because the statutory provision under which [Briggs] was appointed (29 U.S.C. § 783(a)(1)), excluded her appointment from coverage [as an 'employee'] under 5 U.S.C. § 7511, and, for that reason, her removal can be taken without regard to civil service laws."

Briggs petitioned the full Board for review. In its published January 1994 decision, the Board granted Briggs' petition and, reversing the AJ's decision, concluded that it had jurisdiction over her appeal. The Board began its analysis by holding that, due to the changes to the statutory definition of "employee" wrought by the Due Process Amendments, Briggs was an "employee" as defined by 5 U.S.C. § 7511(a)(1)(C)(ii). 60 M.S.P.R. at 333. The Board then noted that Briggs had been appointed pursuant to the authority given the Council in 29 U.S.C. § 783(a)(1), which states, in relevant part, that the Council "may appoint, without regard to the provisions of Title 5 governing appointments in the competitive service, or the provisions of chapter 51 and subchapter III of chapter 53 of such title relating to classification and General Schedule pay rates, an Executive Director to assist the National Council to carry out its duties." *Id.* at 334 (quoting 29 U.S.C. § 783(a)(1)).

The Council contended that the exclusions from title 5 set forth in section 783(a)(1) took the Executive Director's position outside the scope of section 7511(a). It drew support for this position from the regulations that the OPM had promulgated to implement the Due Process Amendments. Specifically, according to 5 C.F.R. § 752.401(d)(12), the definition of "employee" found at section 7511(a) does not extend to "[a]n employee whose agency or position has been excluded from the appointing provisions of title 5, United States Code, by separate statutory authority in the absence of any provision to place the employee within the coverage of chapter 75 of title 5, United States Code." The Council argued that applying this regulatory guideline to the terms of section 783(a)(1) leads to the conclusion that Briggs' position falls outside the statutory definition of "employee" at section 7511(a). The Board disagreed.

According to the Board, the effect of section 783(a)(1)'s exclusion of the Executive Director's position from the provisions of title 5 governing appointments in the competitive service "means only that the position is

---

1. We granted the OPM's petition for review in *King v. Briggs,* No. 423, 1995 WL 376076 (Fed. Cir. June 8, 1995).

2. Unless otherwise indicated, all statutory citations are to the 1994 edition of the United States Code.

in the excepted service." 60 M.S.P.R. at 333. As a result, the Board concluded, the OPM regulation directed to positions generally excluded from title 5's appointing provisions, rather than from competitive service provisions alone, was simply not applicable to Briggs' case. *Id.* On this view, section 783(a)(1) did nothing to take Briggs outside the scope of the otherwise applicable definition of "employee" found at section 7511(a). Unable to assess the merits of the Council's secondary contention that it had excluded the Executive Directorship from chapter 75 of title 5 by designating it a "policy" position pursuant to 5 U.S.C. § 7511(b)(2)(C), the Board remanded the case to the AJ for further proceedings. *Id.* at 336.

In its May 1994 remand decision, the AJ found that the Council had "never made a determination that [Briggs'] position was a confidential, policy-making, policy-determining, or policy-advocating position" and thus excluded from the definition of "employee" in section 7511(a). In addition, the AJ found that, even if the Council had made such a determination, it "never communicated that fact to" Briggs. On the basis of these findings, the AJ concluded that Briggs was not excluded from the definition of "employee" in section 7511(a), and that the Board had removed her without following the applicable merit systems procedural requirements. Briggs was ordered reinstated with back pay.

The Council petitioned the full Board for review. In July 1994, the OPM filed a notice of intervention with the Board pursuant to 5 U.S.C. § 7701(d)(1).[3] In its intervention petition, the OPM challenged the Board's January 1994 decision, arguing that, according to the OPM's interpretation of the Due Process Amendments and Congress' intent in enacting them, a civil service position is excluded

from the protections of title 5 *in general* if the statute creating that position excludes it from *both* the competitive service appointment *and* pay and classification provisions of title 5. Under this approach, section 783(a)(1) by its terms excludes Briggs' position from the coverage extended by the Due Process Amendments.

In its unpublished December 1994 order, the Board denied the Council's petition for review and the OPM's petition to intervene. With regard to the OPM's intervention, the Board stated that the OPM "has filed a brief in support of the [Council's] petition ... and we have considered [it] in our adjudication of this appeal." The Board then denied the Council's petition, simply noting that it "did not meet the criteria for review set forth at 5 C.F.R. § 1201.115," and ordered the Council to reinstate Briggs with back pay.

The OPM petitioned this court for review of the Board's decisions on January 9, 1995. We granted the petition for review on two questions: (a) whether the Board erred in failing to issue a published decision expressly addressing each of the OPM's contentions as intervenor; and (b) whether the Board erred in concluding that Briggs is an "employee" under section 7511(a)(1)(C)(ii).

### ANALYSIS

■ The scope of the Board's jurisdiction presents a question of law that we review de novo. *Waldau v. Merit Sys. Protection Bd.,* 19 F.3d 1395, 1398 (Fed.Cir.1994).

The Board held, and all the parties agree, that Briggs falls within the definition of "employee" found at 5 U.S.C. § 7511(a)(1)(C)(ii). They differ, however, as to whether, despite falling within this definition of "employee," Briggs is otherwise excluded from the proce-

---

**3.** According to section 7701(d)(1),
 [i]n any case in which—
 (A) the interpretation or application of any civil service law, rule, or regulation, under the jurisdiction of the Office of Personnel Management is at issue in any proceeding under this section; and
 (B) the Director of the Office of Personnel Management is of the opinion that an erroneous decision would have a substantial impact on any civil service law, rule, or regulation under the jurisdiction of the Office;

the Director may as a matter of right intervene or otherwise participate in that proceeding before the Board. If the Director exercises his right to participate in a proceeding before the Board, he shall do so as early in the proceeding as practicable. Nothing in this title shall be construed to permit the Office to interfere with the independent decisionmaking of the Merit Systems Protection Board.

dural protections and appeal rights provided by chapter 75 of Title 5, and thus whether the Board has jurisdiction over her appeal. The OPM contends that the statute that creates the Executive Director's position, 29 U.S.C. 783(a)(1), has the effect of excluding Briggs from the expansive definition of "employee" found in section 7511(a) because it allows the Council to appoint the Executive Director "without regard to the provisions of Title 5 governing appointments in the competitive service, or the provisions ... of such title relating to classification and General Schedule pay rates." Briggs contends, in response, that the OPM has not succeeded in refuting the Board's basic conclusion that the two sections alleged to conflict, 783(a)(1) and 7511(a)(1)(C)(ii), are easily reconciled and plainly confer Board jurisdiction over Briggs' appeal.

We recently had occasion to address a similar question regarding the effect of the Due Process Amendments on the Board's jurisdiction in *Todd v. Merit Systems Protection Board,* 55 F.3d 1574 (Fed.Cir.1995). The appellant in *Todd,* like Briggs, fell within the definition of employee at section 7511(a)(1)(C)(ii). *Id.* at 1576 & n. 3. The statute under which Todd was hired, however, gave the agency the option to employ her "without regard to the Civil Service Act and rules and the following: ... (4) sections ... 7511, 7512, and 7701 of Title 5." [4] *Id.* at 1577 (quoting 20 U.S.C. § 241(a)). We affirmed the Board's conclusion that it lacked jurisdiction over Todd's appeal, reasoning that "there is no repugnancy between the general rule at section 7511(a)(1)(C) that excepted service employees with two years of continuous service have appeal rights and the specific exception to this rule at section 241(a) which permits an agency to deny the appeal rights to a narrow category of personnel." *Id.* In sum, we concluded that, due to the enactment of the Due Process Amendments, "Todd would now qualify to appeal a section 7512 adverse action but for the limitation on her appeal rights found in section 241(a)." *Id.* Briggs suggests, quite correctly, that we

should apply the analytic framework of *Todd* to determine her appeal rights.

 As we noted above, section 783(a), the statute under which Briggs was hired, gives the Council the option to employ an Executive Director "without regard to the provisions of Title 5 governing appointments in the competitive service, or the provisions ... of such title relating to classification and General Schedule pay rates." Notably absent from the enumerated parts of title 5 that the Council may disregard in employing the Executive Director are those dealing with appeal rights in chapters 75 and 77, the very parts of title 5 from which Briggs has, according to the OPM, purportedly been excluded. As the text of section 783(a) makes plain, Congress gave the Council the option of disregarding only certain parts of title 5. To interpret the section as giving the Council the option to disregard additional, unenumerated parts of title 5 would run afoul of the maxim *"expressio unius est exclusio alterius,"* and in a domain where, as *Todd* amply demonstrates, Congress knows how to exempt a civil service position from the protections found in chapters 75 and 77 of title 5 if it so desires. *See, e.g., Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 168, 113 S.Ct. 1160, 1163, 122 L.Ed.2d 517 (1993) ("Thus, the Federal Rules do address in Rule 9(b) the question of the need for greater particularity in pleading certain actions, but do not include among the enumerated actions any reference to complaints alleging municipal liability under § 1983. Expressio unius est exclusio alterius."); *Albright v. United States,* 10 F.3d 790, 793 (Fed.Cir.1993); *United States v. Lopez,* 938 F.2d 1293, 1297 (D.C.Cir.1991). We decline to construe the statute in this manner. Section 783(a) does not remove the Executive Director's position from the ambit of title 5's procedural protections for removal. The OPM's implementing regulation at 5 C.F.R. § 752.401(d)(12), to the extent that it calls for a result contrary to the plain meaning of section 783(a), has no force or effect in this case. *See generally*

---

**4.** Section 7511 of title 5 defines the categories of federal employees that are eligible to appeal adverse actions to the Board; section 7512 defines

appealable adverse actions; and section 7701 outlines the Board's appellate procedures.

*Chevron U.S.A., Inc. v. Natural Resources Defense Council,* 467 U.S. 837, 842, 104 S.Ct. 2778, 2781, 81 L.Ed.2d 694 (1984) ("If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress."). The Board thus has jurisdiction over Briggs' appeal.

■ The OPM also contends, on a point of procedure, that the Board "should not be permitted to unilaterally insulate a previously issued precedential decision from judicial review by ultimately disposing of the case *via* a non-precedential final order which summarily denies the appealing agency's petition for review without addressing the merits of any issue properly raised by the OPM in its intervention brief." As our decision in this very case illustrates, the Board's use of an unpublished opinion in a case in which the OPM has intervened simply does not "unilaterally insulate a previously issued precedential decision from judicial review."

The OPM also argues that its right to intervene in Board proceedings under 5 U.S.C. § 7701(d)(1) "will be rendered meaningless" if the Board "may summarily deny the agency's petition for review without addressing the merits of the substantive issues raised by the OPM" in a published decision. We should, according to the OPM, prevent this result by requiring the Board to issue published decisions with point-by-point analysis of the OPM's contentions in appeals in which the latter properly intervenes.

■ While the requirement to issue a published decision might represent better public policy, the Board contends that we lack the power to impose such a requirement. We agree. It is true that we have construed 5 U.S.C. § 7703(d), a companion provision to section 7701(d), to preclude the Board from dismissing a petition for reconsideration filed by the OPM without considering it on the merits. *Newman v. Lynch,* 897 F.2d 1144, 1146–47 (Fed.Cir.1990). In the instant case, we know that the Board considered and rejected the OPM's position on the merits, and thus complied with *Lynch,* because the Board said as much in its December 1994 order. There is, however, nothing in either the statutes creating and governing the Board and the OPM or the statutes giving this court the power to review the Board's decisions that gives us the power to require that the Board publish its decision in a given case or class of cases. In addition, the closing sentence of section 7701(d)(1), on which the OPM would ground this publication requirement, commands that "[n]othing in this title shall be construed to permit the [OPM] to interfere with the independent decision-making of the [Board]." This command surely extends to the Board's electing to issue an unpublished, rather than a published, decision in a case in which the OPM has intervened. As we had occasion to note in *Newman v. Corrado,* "[a]ny policy arguments OPM musters for its suggested [publication] requirement are irrelevant. This court cannot impose requirements not grounded in the statute solely because they may represent sound public policy." 897 F.2d 1579, 1583 (Fed.Cir.1990).

CONCLUSION

The Board correctly concluded that Briggs is an "employee" under 5 U.S.C. § 7511(a)(1)(C)(ii) and that the statute under which the Council hired her does not otherwise exclude her from the procedural prerequisites to a lawful removal imposed by title 5. In addition, its decision not to publish its December 1994 order, despite the OPM's intervention in the case, is one within the Board's authority. For these reasons, we affirm the Board's decision that it had jurisdiction over Briggs' appeal.

*AFFIRMED.*

PLAGER, Circuit Judge, concurring.

I concur in the result.

The plain language of the 1990 amendment to the definition in 5 U.S.C. § 7511(a) regarding who is entitled to the protections of chapter 75 sweeps within the coverage of subchapter II a large group of employees not previously covered, a group that on its face includes people who may be holding positions like Ms. Briggs'. These are positions, such as executive director or staff director of a board or commission, that traditionally have been thought of as serving at the pleasure of

their governing body. The limited legislative history of the 1990 amendment suggests that bringing these persons within the protections from removal applicable to competitive service positions was not what the sponsors of the legislation thought they were doing, but they did it.

The narrow question in this case, then, is whether the language creating Ms. Briggs' position is sufficiently precise as to exempt it from the inclusion effect of the 1990 amendment. In *Todd* the language was clear enough for this court to hold that the position was excluded. In this case, the language is less clear. The panel majority concludes that absent clear language in the statute that created the position, the general sweep of the 1990 amendments should prevail. I cannot say they are wrong, though the question is not without substantial doubt in my mind, and I have little doubt that this is not what Congress would have intended had it realized what the impact would be of the 1990 amendment. The Director of the OPM cannot be faulted for wishing the result was otherwise, but the correction if there is to be one lies with Congress.

Finally, it obviously would be preferable if the Board adopted the practice of fully addressing the Director's stated concerns when the OPM exercises its statutory right to intervene before the Board in a matter the OPM considers sufficiently important. However, I agree that the form in which the Board records its decisions, as a general proposition, is within the Board's discretion, so long as it does not affect this court's ability to carry out our review function.