Dennis G. DIAMOND, Petitioner,

v.

U.S. AGENCY FOR INTERNATIONAL DEVELOPMENT, Respondent.

No. 96–3144.

United States Court of Appeals, Federal Circuit.

Feb. 26, 1997.

Michael J. Kator, Kator, Scott & Heller, Washington, DC, argued for petitioner.

Stephanie M. Jackson, Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, Washington, DC, argued for respondent. With her on the brief were Frank W. Hunger, Assistant Attorney General, David M. Cohen, Director, and Sharon Y. Eubanks, Deputy Director.

Before ARCHER, Chief Judge, MICHEL and PLAGER, Circuit Judges.

MICHEL, Circuit Judge.

Dennis G. Diamond ("Diamond") petitions for review of the October 13, 1995 decision of the Merit Systems Protection Board ("MSPB" or "Board") holding that it did not have jurisdiction to review the action of the United States Agency for International Development ("USAID" or "agency") removing Diamond from his career position in the Senior Executive Service and placing him in the GS–15 position he had occupied prior to his appointment to the Senior Executive Service. The removal was instituted after an appellate court reversed the district court decision that formed the basis for the court order that led to Diamond's appointment in the Senior Executive Service. The case was submitted for our decision after oral argument on December 4, 1996. Because the agency acted in accordance with a judicial order and ongoing judicial proceedings and was therefore not required to comply with 5 U.S.C. § 3393(g)(1994) when it removed Diamond, we affirm.

## BACKGROUND

Diamond, a white male, served for four years as USAID's Acting Director of Equal Opportunity Programs. When the agency sought to fill this position on a permanent basis in 1988, Diamond applied. He was rejected in favor of a black female. Diamond initiated an administrative discrimination complaint against the agency which resulted in a finding that he was denied the promotion because of his sex and race.

When the agency failed to act on this disposition, Diamond filed suit in federal district court. The district court entered summary judgment in favor of Diamond on May 13, 1992, *Diamond v. Roskens,* 790 F.Supp. 350 (D.D.C.1992), and, over a year later on May 25, 1993, ordered that he be appointed to the Senior Executive Service as the Director of the Office of International Training. USAID duly complied with the order and appointed Diamond to the position effective June 29, 1993.

Although USAID appointed Diamond to the position as ordered, it also appealed the district court's decision.[1] The United States Court of Appeals for the District of Columbia Circuit reversed and remanded on January 20, 1995, holding that the district court should not have entered summary judgment. *Diamond v. Atwood,* 43 F.3d 1538, 1542 (D.C.Cir.1995). In its opinion, the appellate court stated that its holding that Diamond was not entitled to judgment as a matter of law on his employment discrimination allegations made it "unnecessary to resolve the issue raised on cross-appeal regarding the remedy awarded by the district court." *Id.* at 1541. The opinion did not otherwise address the order requiring USAID to appoint Diamond to the Senior Executive Service.

On May 25, 1995, after the District of Columbia Circuit's mandate issued but before trial, USAID notified Diamond that he would be removed from his Senior Executive Position effective June 9, 1995 and would revert back to a GS–15 position, at the grade and pay level he enjoyed before the first district court action. This resulted in a $25,000 reduction in annual salary.

Diamond appealed to the Board the agency's decision to remove him from the Senior Executive Service. Diamond waived his

---

1. Diamond cross-appealed seeking appointment to the position of Director of Equal Opportunity Programs.

right to a hearing and the Administrative Judge ("AJ") ruled based on the record that the Board was without jurisdiction. The AJ recognized that Diamond was a career employee at least until the time the circuit court rendered its decision reversing the district court, that career employees can only be removed from the Senior Executive Service in accordance with the provisions of 5 U.S.C. § 3393(g), and that the agency did not comply with these provisions. The AJ also recognized that case law indicates that these provisions may be disregarded only if the appointment violated an absolute statutory prohibition and that Diamond's appointment did not violate such a statutory provision. However, under the circumstances of this case, the AJ concluded that Diamond's removal was effectively determined by judicial action, not agency action, that therefore the agency was not required to comply with section 3393(g), and that the Board accordingly did not have jurisdiction. The full Board denied Diamond's petition for review on January 29, 1996, making final the initial decision of October 13, 1995.

The district court on remand subsequently entered judgment in favor of USAID. *Diamond v. Atwood*, No. 91–1510 (D.D.C. March 12, 1996). An appeal of that decision is pending in the District of Columbia Circuit.

## ANALYSIS

■ We must affirm the decision of the Board unless it is: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1994). "The scope of the Board's jurisdiction presents a question of law that we review *de novo*." *King v. Briggs*, 83 F.3d 1384, 1387 (Fed.Cir.1996).

Diamond argues the Board possessed jurisdiction pursuant to 5 U.S.C. § 7701 (1994). That statute provides that "[a]n employee, or applicant for employment, may submit an appeal to the Merit Systems Protection Board from any action which is appealable to the Board under any law, rule, or regulation," 5 U.S.C. § 7701(a), and further provides that agency decisions that are not in accordance with law cannot be sustained, 5 U.S.C. § 7701(c)(2)(C).

■ The thrust of Diamond's jurisdictional argument is that, in order to remove him from his position, the agency was required to follow certain statutory procedures and that, if those procedures were not followed, he was entitled to appeal to the Board for relief. Specifically, Diamond argues the agency was required to comply with that statute which authorizes, under certain conditions, the removal of a career employee and which states:

> A career appointee may not be removed from the Senior Executive Service or civil service except in accordance with the applicable provisions of sections 1215, 3393a, 3592, 3595, 7532, or 7543 of this title.

5 U.S.C. § 3393(g).[2] Most of the sections cited in section 3393(g) authorize a removed employee to appeal to the Board. Thus, if the agency was required to comply with section 3393(g) when removing Diamond, the Board would, in at least some circumstances, possess jurisdiction over Diamond's appeal.

Therefore, the underlying issue that we must decide is whether the agency was required to comply with 5 U.S.C. § 3393(g) when it removed Diamond or whether Diamond's immediate removal and return to the status quo ante was judicially compelled or justified once the appellate court reversed the district court decision that formed the basis for the order that required the appointment of Diamond to the position from which he was later removed. This appears to be a question of first impression.

Even though the agency did not comply with any of the statutory procedures set forth in 5 U.S.C. § 3393 when it appointed Diamond, there is no doubt Diamond was lawfully appointed to a career position within

---

**2.** These provisions relate to disciplinary action initiated by the Office of Special Counsel (§ 1215), removal for lack of recertification (§ 3393a), removal during a probationary period or for less than fully satisfactory performance (§ 3592), reduction in force (§ 3595), national security (§ 7532), and various forms of misconduct (§ 7543).

the Senior Executive Service, as found by the Board. As the AJ stated,

it is well settled that courts have the authority under Title VII to order placement of federal employees in career SES positions. *See Lander v. Lujan,* 888 F.2d 153 (D.C.Cir.1989). For this reason and because correspondence from the agency to appellant concerning his conversion to the SES on June 29, 1993, and the Standard Form (SF) 52 and SF 50 documenting that action refer to his placement in the career SES, the record establishes that appellant was lawfully appointed to the career SES that date.

*Diamond v. United States Agency for International Development,* DC–0752–95–0582–I–1 at 3 (Oct. 13, 1995).

As he was lawfully appointed to a career Senior Executive Service position, Diamond therefore contends he may not be removed from his position except under the provisions of 5 U.S.C. § 3393(g). As it is undisputed that the agency did not comply with this statute when it removed him, Diamond contends that the agency erred when it failed to comply with 5 U.S.C. § 3393(g) and that the Board erred when it engrafted a "judicial action" exception onto that statute. *Cf. Trayco, Inc. v. United States,* 994 F.2d 832, 836 (Fed.Cir.1993) ("[W]here a statute expressly enumerates the requirements on which it is to operate, additional requirements are not to be implied.").

We do not agree with Diamond. It is an undeniable proposition that parties to a court proceeding are obligated to comply with a court order that issues from that proceeding. *See, e.g., Maness v. Meyers,* 419 U.S. 449, 459, 95 S.Ct. 584, 591, 42 L.Ed.2d 574 (1975) ("The orderly and expeditious administration of justice by the courts requires that 'an order issued by a court with jurisdiction over the subject matter and person must be obeyed by the parties until it is reversed by orderly and proper proceedings.'" (quoting *United States v. United Mine Workers,* 330 U.S. 258, 293, 67 S.Ct. 677, 696, 91 L.Ed. 884 (1947))); *Walker v. City of Birmingham,* 388 U.S. 307, 314–15, 87 S.Ct. 1824, 1828–29, 18 L.Ed.2d 1210 (1967) (stating that an injunction must be obeyed, even if erroneous, until a court overturns it). Thus, had the agency refused to appoint Diamond to the Senior Executive Service as required by the district court order, Diamond's remedy for failure to obey such an order would have been a proceeding for contempt.

Likewise, here, Diamond's only possible remedy lies in the district court. The agency appointed Diamond pursuant to a court order. The decision that formed the basis for that order has now been reversed by the District of Columbia Circuit. Although the order itself has not been vacated, its validity has been called into question not only by the fact that the underlying district court decision was reversed, but also by the fact that the District of Columbia Circuit refused to address the merits of Diamond's cross-appeal. The agency removed Diamond from the Senior Executive Service based on the decision of the District of Columbia Circuit, not for less than satisfactory performance, misconduct, reduction in force, or any of the other bases listed in section 3393(g). While an argument could be made that Diamond's removal may or may not have been proper in light of the fact that the court order had not been vacated, Diamond's remedy, if any, lies in the district court, not before the Board.

■ Contrary to Diamond's assertions, *King v. Briggs,* 83 F.3d 1384 (Fed.Cir.1996), is not controlling. There, an employee appointed in conformance with statute was removed from her position, and the agency argued that it did not need to comply with certain statutory requirements when it removed Briggs because the statute under which she had been hired authorized the agency to employ her without following other statutory requirements. 83 F.3d at 1388. The Board reversed the agency's action and we affirmed, stating:

As we noted above, section 783(a), the statute under which Briggs was hired, gives the Council the option to employ an Executive Director "without regard to the provisions of Title 5 governing appointments in the competitive service, or the provisions ... of such title relating to classification and General Schedule pay rates." Notably absent from the enumerated parts of title 5 that the Council may disregard in

employing the Executive Director are those dealing with appeal rights in chapters 75 and 77, the very parts of title 5 from which Briggs has, according to the OPM, purportedly been excluded. As the text of section 783(a) makes plain, Congress gave the Council the option of disregarding only certain parts of title 5. To interpret the section as giving the Council the option to disregard additional, unenumerated parts of title 5 would run afoul of the maxim *"expressio unius est exclusio alterius,"* . . . .

*Id.* Diamond argues that, as in *Briggs,* we should not extrapolate beyond the plain language of section 3393(g). However, the authority under which Briggs was hired expressly authorized the agency to disregard certain statutory provisions and was silent as to others. In such a case, courts should assume that Congress was aware of the distinctions it was making and that it intended to make those distinctions. Here, on the other hand, it is undisputed that the authority under which Diamond was appointed was the district court order and it was because of the court order alone that the statutory requirements were not complied with when Diamond was appointed. Thus, *Briggs* has no relevance here.

Moreover, contrary to Diamond's assertions, he has not been denied due process. Diamond's case is unlike those cases in which, although the agency erred in appointing an employee, it was still required to follow applicable statutory procedures in removing the employee. *See Travaglini v. Department of Education,* 18 M.S.P.R. 127, 132 (1983) (holding that where an appointment is found to be improper or erroneous under law, rule or regulation, the appointee is nevertheless an "employee" for the purpose of 5 U.S.C. § 2105(a) unless the appointment was made in violation of an absolute statutory prohibition or unless the appointee has committed fraud). Here, the agency did not act improperly or erroneously under law, rule or regulation when it appointed Diamond to the career Senior Executive Service pursuant to the court order. *Id.* Rather, Diamond was removed from his Senior Executive Service position in reasonable response to the actions of the District of Columbia Circuit Court

reversing the district court decision that required Diamond's appointment in the Senior Executive Service.

## CONCLUSION

Diamond was appointed to the career Senior Executive Service as the Director of the Office of International Training solely because of the district court's order requiring such appointment. When the district court's decision was reversed, the validity of that order was called into question, if not implicitly overruled, and the agency, in reasonable reliance on that appellate decision, removed Diamond from that position and returned him to the position he had held prior to the district court decision. Because the agency acted solely on account of the appellate decision, it was not required to comply with the requirements of 5 U.S.C. § 3393(g) and the Board was correct in concluding that it did not possess jurisdiction over this appeal.

*AFFIRMED.*