**Jane S. WEAVER, Petitioner,**

v.

**DEPARTMENT OF JUSTICE, Respondent.**

No. 01–3315.

United States Court of Appeals, Federal Circuit.

May 14, 2002.

Before MAYER, Chief Judge, NEWMAN, and CLEVENGER, Circuit Judges.

PER CURIAM.

Jane S. Weaver seeks review of the decision of the Merit Systems Protection Board, No. DC1221000535W–1 (May 14, 2001), dismissing her individual right of action ("IRA") appeal for lack of jurisdiction. We *affirm.*

Weaver was employed as a trial attorney at the Department of Justice ("DOJ"). In June of 1997, she entered into a settlement agreement with DOJ resolving disputed issues over her placement in a performance improvement program and denial of a within-grade increase. Pursuant to the terms of the settlement agreement, Weaver resigned, and *inter alia*, was given a temporary appointment in the U.S. Attorney's Office for a set period. After the expiration of the set period, she was placed on administrative leave for ninety-days and then separated from federal service effective March 2, 1998. In September of 1999, Weaver filed a complaint with the Office of Special Counsel ("OSC") alleging that DOJ had retaliated against her for disclosing fraud, waste, and mismanagement. OSC informed her that it had terminated its inquiry into her allegations and would take no further action. Weaver appealed to the board.

We must affirm the final decision of the board unless we determine that it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000).

We review the board's decision regarding its own jurisdiction *de novo. King v.*

---

*Briggs,* 83 F.3d 1384, 1387 (Fed.Cir.1996). The board has jurisdiction over an IRA appeal if the appellant has exhausted her administrative remedies before OSC and makes "non-frivolous allegations" that she engaged in whistleblowing activity by making a protected disclosure under 5 U.S.C. § 2302(b)(8), and the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). *Yunus v. Dep't of Veterans Affairs,* 242 F.3d 1367, 1371 (Fed.Cir.2001).

Weaver asserts that the board has jurisdiction over her IRA appeal because several DOJ components and other federal agencies refused to hire her because of her whistleblowing activity. By refusing to disclose the basis for her alleged whistleblowing to OSC, however, Weaver failed to exhaust her administrative remedies because she rendered it impossible for OSC to take action. And her reliance on OSC's termination of investigation letter to establish board jurisdiction is without merit.

Weaver also asserts that the board erred by not affording her a hearing on the voluntariness of her resignation. She contends that her settlement agreement with DOJ is invalid because her signature was obtained through coercion and misrepresentation. Weaver did not present a *prima facie* case that her June 3, 1997, settlement and resignation were involuntary. Moreover, Weaver, a licensed attorney, submitted no evidence showing that she was unable to understand the nature of the agreement or that her decision to enter into the agreement was uninformed.

We have considered the remainder of Weaver's individual right of action, constructive discharge, and constitutional arguments and find them unpersuasive.