**Mary–Louise QUINN, Petitioner,**

v.

**DEPARTMENT OF THE INTERIOR, Respondent.**

No. 01–3374.

United States Court of Appeals, Federal Circuit.

DECIDED: July 12, 2002.

Before MAYER, Chief Judge, MICHEL and GAJARSA, Circuit Judges.

PER CURIAM.

Mary–Louise Quinn seeks review of the July 11, 2001, decision of the Merit Systems Protection Board, No. SF0752000643–I–1, 90 M.S.P.R. 29, concluding it did not have jurisdiction to hear her appeal. We *affirm.*

Quinn was a water rights specialist, GS–11, with the Department of Interior, Bureau of Reclamation, Mid–Pacific Region in Sacramento, California ("agency"). The agency initially decided to separate Quinn from the position effective February 13, 1998, but rescinded that decision, and instead placed her on leave without pay ("LWOP") for one year. At her request, she was granted additional LWOP until March of 2000, when the agency declined to approve further leave. Thereafter, she continued to be absent without leave ("AWOL") until July 21, 2000, when the agency separated her. Quinn appealed the following agency actions to the board: (a) denial of her request to transfer to another division within the agency in January of 1999; (b) failure to provide her with adequate information about health insurance coverage and its relationship to pay and non-pay status from February of 1998 onward; (c) denial of her request to work part-time in March of 2000; (d) denial of her request to transfer to a different federal agency in April of 2000; and (e) her placement on a year's LWOP, effective February 15, 1998. Quinn also alleged that in taking these actions, the agency: (f) defamed her good name and professional reputation; (g) subjected her to a hostile and unhealthy work environment; (h) violated the Family and Medical Leave Act; (i) illegally discriminated against her on the basis of age, sex, and having an advanced education, i.e., a Ph. D., which she characterizes as a disability; and (j) possibly took reprisal against her for whistleblowing. She also wished to appeal (k) her placement on AWOL status in March of 2000 that precipitated her separation. The board bifurcated Quinn's appeal, making the challenge to her separation its own appeal and retaining the remaining issues in this appeal. The board then dismissed this appeal for lack of jurisdiction.

We review the board's decision regarding its own jurisdiction *de novo. King v. Briggs,* 83 F.3d 1384, 1387 (Fed.Cir.1996). The petitioner bears the burden of establishing the board's jurisdiction by a preponderance of the evidence. 5 C.F.R. § 1201.56(a)(2) (2002); *Clark v. United States Postal Serv.,* 989 F.2d 1164, 1167 (Fed.Cir.1993). Our review is limited to setting aside any action that is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000).

The board's jurisdiction is limited to appeals from agency actions that are authorized by law, rule, or regulation. *See* 5 C.F.R. § 1201.3 (2002). Because claims (a)—(d), (f), (g), and (k), do not fall within the board's limited jurisdiction, it properly dismissed them.

With regard to her placement on LWOP, claim (e), Quinn chose that from four options that were presented to her by the agency. Unpleasant alternatives or limited choices do no necessarily result in an involuntary act, and Quinn has not presented sufficient evidence to overcome the presumption that her choice was voluntary. *Schultz v. United States Navy,* 810 F.2d 1133, 1136 (Fed.Cir.1987). Therefore, the board properly dismissed this claim.

As for Quinn's discrimination, violation of the Family and Medical Leave Act, and whistleblowing claims, the board may review these claims only if it has jurisdiction

based on an otherwise appealable action. 5 U.S.C. § 7702 (2000); 5 C.F.R. § 1201.3 (2002). Quinn argues that the board improperly separated these issues from the appealable action, her separation, thereby avoiding jurisdiction. The bifurcation merely eliminated claims over which the board did not have jurisdiction. This was not an abuse of discretion.