**Harry T. MOSIER, Petitioner,**

v.

**UNITED STATES POSTAL SERVICE, Respondent.**

No. 03–3032.

United States Court of Appeals, Federal Circuit.

DECIDED: April 11, 2003.

---

Before RADER, Circuit Judge, PLAGER, Senior Circuit Judge, and GAJARSA, Circuit Judge.

PER CURIAM.

Harry T. Mosier petitions this court to review the dismissal of his appeal by the Merit Systems Protection Board (Board). Because the Board properly determined it lacked jurisdiction to hear Mr. Mosier's appeal, this court *affirms*.

I.

Mr. Mosier was a Postmaster with the United States Postal Service (USPS) in Tuscaloosa, Alabama. Following a congressional inquiry pertaining to allegations of misconduct by Mr. Mosier while serving as Postmaster, the USPS issued a notice of proposed removal. A decision letter later followed on January 9, 1992, which advised Mr. Mosier that he would be removed from service effective January 15, 1992. During this period, Mr. Mosier filed a CA–2, Notice of Occupational Disease and Claim for Compensation, alleging medical problems due to work-related stress.* Mr. Mosier appealed his removal to the Board. During the appeal process, Mr. Mosier remained on the postal rolls pursuant to postal regulations in a non-duty, non-pay status. Later, through counsel, Mr. Mosier filed a motion to dismiss his appeal without prejudice. In his motion, Mr. Mosier asserted that proceeding with the appeal would cause undue stress and anxiety, and that his physician had advised a recovery period of six to nine months

---

\* The exact date of the filing of the CA–2 Notice is not clear from the record, but does not affect the disposition of this case.

prior to further pursuing his appeal. The administrative judge granted the motion to dismiss without prejudice, with the caveat that Mr. Mosier must re-file his appeal no later than January 30, 1993.

Mr. Mosier re-filed his appeal on January 20, 1993, within the time period set by the administrative judge assigned to his initially filed appeal. A January 19, 1993 letter from Mr. Mosier's psychiatrist, Dr. James Hall, accompanied the papers filed. In that letter, Dr. Hall stated that Mr. Mosier had been under his medical care for the preceding four months. Dr. Hall also stated that Mr. Mosier had no "physical or psychological restrictions," and, with respect to the litigation over his removal from the USPS, found Mr. Mosier "fully capable at this time of participating in these matters and advocating for his interests."

During the processing of this second appeal, Mr. Mosier, through counsel, entered into a settlement agreement with the USPS. This settlement was prompted by a nationwide postal restructuring initiative, in which all postal employees having more than twenty-five years of service were offered the opportunity to retire early. The preamble to Mr. Mosier's settlement agreement reflects this offer, stating that Mr. Mosier "was eligible for and did utilize this opportunity; and he voluntarily retired from the Postal Service on September 3, 1992." Amongst other terms, the settlement agreement expressly states that Mr. Mosier waived all rights to seek employment with the USPS, and that while he may enforce the agreement through the Board, Mr. Mosier could not seek to rescind the agreement due to a dispute with the implementation of the settlement. The settlement agreement was jointly executed by Mr. Mosier, his counsel, and representatives of the USPS. Upon reviewing the terms of this settlement agreement, the administrative judge noted the parties indicated that they understood the terms of the agreement, and wanted the agreement to be made part of the record for the purposes of later enforcement. The administrative judge dismissed Mr. Mosier's second appeal in a decision that became final on May 10, 1993.

Roughly nine years later, Mr. Mosier filed a third appeal, this time disputing circumstances of his early retirement. Mr. Mosier claimed he was misled or otherwise coerced into taking early retirement from the USPS, and that he was mentally incapable at the time of making a rational decision regarding his employment status. Mr. Mosier's arguments were not deemed to be persuasive. The administrative judge determined Mr. Mosier had "failed to even make out a prima facie case that he was misled, coerced, or threatened" by the USPS. The administrative judge concluded that Mr. Mosier "failed to make a nonfrivolous allegation that his retirement was involuntary" and dismissed Mr. Mosier's third appeal for lack of jurisdiction. Mr. Mosier, now pro se, appeals that dismissal to this court, which has exclusive jurisdiction. 28 U.S.C. § 1295(a)(9) (2000).

## II.

The Board's jurisdiction is limited to adverse personnel actions made reviewable by the Board pursuant to law, rule or regulation. *See* 5 U.S.C. § 7701(a) (2000); *Forest v. Merit Sys. Prot. Bd.*, 47 F.3d 409, 410 (Fed.Cir.1995). Although not so designated, retirements and resignations shown to be involuntary are constructive removals that fall within the Board's jurisdiction for review. *See Middleton v. Dep't of Def.*, 185 F.3d 1374, 1379 (Fed.Cir.1999). Whether the Board has jurisdiction to adjudicate a given appeal is a legal question

this court reviews *de novo.* *King v. Briggs,* 83 F.3d 1384, 1387 (Fed.Cir.1996).

### III.

An employee's resignation or retirement is presumed to be voluntary when evidenced by a formal document signed by the employee. However, this presumption may be rebutted by evidence sufficient to establish that the retirement or resignation was involuntary. *See Middleton,* 185 F.3d at 1379. The former employee bears the burden of proving involuntariness. Involuntariness can be established via meeting the following criteria: 1) that one party involuntarily accepted the terms of another party; 2) that no alternative existed under the given circumstances; and 3) the circumstances were the result of coercion by the opposing party. *See id.* (citing *Christie v. United States,* 207 Ct.Cl. 333, 518 F.2d 584 (1975)).

■ Mr. Mosier asserts that certain USPS representatives involved in his case are liars and cheats, who threatened or coerced Mr. Mosier into accepting early retirement. According to Mr. Mosier, the USPS misrepresented the offer of early retirement, stating that if Mr. Mosier did not accept early retirement, he would not receive any retirement benefits. However, the record evidence indicates that Mr. Mosier was removed from his position effective January 15, 1992, which is prior to the time the early retirement offer became available. Mr. Mosier was fortunate enough to have the early retirement initiative come to pass during the period between the dismissal of his initial appeal and the time bar for re-filing his appeal. As noted by the administrative judge, "[t]he early retirement was being offered for a limited period of time," and if Mr. Mosier "did not take the early retirement, he would remain removed."

■ Mr. Mosier was not required to take the USPS's offer for early retirement and sign an agreement settling the litigation involving his removal from the position of Postmaster. However, the settlement agreement executed by Mr. Mosier explicitly states that Mr. Mosier voluntarily retired from the USPS. The settlement agreement itself states that both parties, which includes Mr. Mosier, "determined that the significant economic and other costs of further litigating this appeal and the advantages each party secures from the terms of settlement outlined below outweigh the potential advantages each party might have received from a decision on the merits." Mr. Mosier had the benefit of professional guidance from his own experienced counsel during the settlement process. The record indicates that Mr. Mosier, rather than risking a loss on appeal (and therewith his chance for retirement benefits), voluntarily opted to take early retirement. The Board found no record evidence of coercion under the circumstances of Mr. Mosier's retirement, and neither does this court.

■ Mr. Mosier also contends that he was not mentally competent to assist in his defense at the time he undertook his second appeal and executed the settlement agreement dismissing that appeal. According to Mr. Mosier, he was not capable of confronting issues concerning his employment until August 2001. Contrary to these contentions, record evidence shows that Mr. Mosier's attending psychiatrist found him mentally capable of assisting in his defense at the time Mr. Mosier filed his second appeal. Moreover, record evidence indicates Mr. Mosier concomitantly pursued a worker's compensation claim relating to his employment during the same period his second appeal was before the Board.

Mr. Mosier admits he submitted documentation of mental fitness together with his second appeal. Mr. Mosier contends,

however, that his psychiatrist intentionally misrepresented his mental condition, at Mr. Mosier's request, in order to be ensured payment on accounts due from the proceeds of Mr. Mosier's worker's compensation claim. Mr. Mosier provides no evidence of such complicity. Mr. Mosier's naked assertion of professional malfeasance by his attending psychiatrist is not well taken by this court.

Because the record evidence indicates that Mr. Mosier voluntarily retired from the USPS, and that the circumstances surrounding his retirement were not tainted by coercion, Mr. Mosier's retirement does not rise to the level of constructive removal. Therefore, the decision of the Board to dismiss Mr. Mosier's appeal for lack of jurisdiction is affirmed.