**Curnis KING, Petitioner,**

v.

**DEPARTMENT OF TRANSPORTATION, Respondent.**

No. 03–3169.

United States Court of Appeals, Federal Circuit.

Oct. 14, 2003.

Rehearing Denied Nov. 10, 2003.

Before NEWMAN, BRYSON, and PROST, Circuit Judges.

PER CURIAM.

Curnis King ("King") appeals the decision of the Merit Systems Protection Board ("Board"), No. SE0752010359–I–2, dismissing his appeal for lack of jurisdiction. For the reasons discussed herein, we *affirm.*

King retired from the Federal Highway Administration effective December 31, 1999. He later claimed that intolerable working conditions made his retirement involuntary. Among other things, King alleged as intolerable the denial of a flat rate reimbursement, repeated failure to receive promotions, a co-worker's inadvertently-published reference to King as a "continual pain in the ass," and an impending transfer to San Francisco as part of a reorganization plan. King appealed, but the assigned Administrative Judge dismissed the case for lack of jurisdiction. *See King v. Dep't of Transp.,* No. SE0752010359–I–2 (Nov. 1, 2002) ("Initial Decision"). The Board subsequently denied King's petition for review of the Administrative Judge's decision, *see King v. Dep't of Transp.,* No. SE0752010359–I–2 (Jan. 24, 2003) ("Final Decision"), and this review follows. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

We must affirm a Board decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000). At the same time, we review without deference the Board's decision to dismiss an appeal for lack of jurisdiction. *King v. Briggs,* 83 F.3d 1384, 1387 (Fed.Cir.1996). By statute, King bears the burden of establishing the

Board's jurisdiction by a preponderance of the evidence. 5 C.F.R. § 1201.56(a)(2)(i) (2003).

An employee's decision to resign or retire is presumed to be voluntary, and an employee who retires voluntarily has no right to appeal to the Board. *Staats v. United States Postal Serv.*, 99 F.3d 1120, 1123–24 (Fed.Cir.1996). The Board can only assume jurisdiction over an employee's retirement if his "retirement was involuntary and thus tantamount to forced removal." *Id.* at 1124. Specifically, in order to establish involuntary retirement, an employee must show either: (1) that the retirement was a product of agency misinformation or deception; or (2) that the retirement was the product of agency coercion. *Id.* Here, King argues that he was coerced into retirement by his working conditions and thus had "no choice but to resign."

Notably, "the doctrine of coercive involuntariness is a narrow one." *Id.* "[A]n employee must show that the agency effectively imposed the terms of the employee's resignation or retirement, that the employee had no realistic alternative but to resign or retire, and that the employee's resignation or retirement was the result of improper acts by the agency." *Id.* Thus, the doctrine does not apply when an employee decides to resign or retire "because he does not want to accept a new assignment, a transfer, or other measures that the agency is authorized to adopt, even if those measures make continuation in the job so unpleasant for the employee that he feels that he has no realistic option but to leave." *Id.* An employee's decision to leave is no less voluntary simply because an employee is faced with an unpleasant situation or that his choice is limited to two unattractive options. *Id.*

The Administrative Judge found that King only established the following general facts: (1) that he was disappointed at not being promoted above a grade 13; (2) that he subjectively believed he was being treated unfairly; and (3) that he was not willing to relocate to San Francisco following a reorganization unless he was promoted. As part of his general findings, the Administrative Judge also concluded that King was not, as he alleges here, denied a flat-rate reimbursement, nor was he subject to intolerable working conditions on account of his coworker's inadvertently-published comment. These conclusions were supported by substantial evidence and were not arbitrary or capricious, an abuse of discretion, procedurally deficient, or otherwise not in accordance with law.

In evaluating the dismissal for lack of jurisdiction, the established facts do not help King rebut the presumption (by a preponderance of the evidence) that he voluntarily retired. Lack of promotions, sometimes unpleasant (but not intolerable) working conditions, and an unwillingness to relocate as part of an authorized agency reorganization do not establish the requisite involuntariness warranting jurisdiction. Instead, as in *Staats*, they demonstrate a voluntary, albeit unpleasant, choice between continued employment and retirement. Thus, the decision of the Board is affirmed.