NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3426

ANTHONY J. MANIGAULT,

Petitioner,

v.

DEPARTMENT OF THE ARMY,

Respondent.

---

DECIDED:  July 8, 2005

---

Before LOURIE, SCHALL, and BRYSON, Circuit Judges.

SCHALL, Circuit Judge.

## DECISION

Anthony J. Manigault petitions for review of the final decision of the Merit Systems Protection Board ("Board") dismissing for lack of jurisdiction his appeal of his removal from the Department of the Army ("agency").  Manigault v. Dep't of the Army, No AT-315H-03-0854-I-1 (M.S.P.B. June 30, 2004) ("Final Decision").  We reverse and remand.

DISCUSSION

I.

On April 8, 2002, the agency hired Mr. Manigault as a Nursing Assistant (GS-4) at the Moncrief Army Community Hospital, Department of Family Health, Fort Jackson, South Carolina. Mr. Manigault began his employment on July 28, 2002. In connection with his employment, the agency issued Mr. Manigault a Notification of Personnel Action (SF-50), effective July 28, 2002, referring to him as a conditional employee subject to a one-year initial probationary period. Eleven months later, on June 24, 2003, the agency issued Mr. Manigault a Letter of Reprimand based on the fact that he had been reported absent without leave ("AWOL") on May 21, 2003. On July 8, 2003, the agency issued a Letter of Termination, informing Mr. Manigault that due to three additional unauthorized absences during June 2003[1] he would be removed from his position effective July 18, 2003.

Mr. Manigault timely appealed his removal to the Board. In an August 27, 2003 Order, the Administrative Judge ("AJ") assigned to the case notified Mr. Manigault of a potential jurisdictional problem with his appeal. Specifically, the AJ pointed out that probationary employees who are terminated for post-appointment reasons can only appeal their termination when they make a nonfrivolous claim that their termination was based on partisan political reasons or marital status discrimination. See 5 C.F.R. § 315.806.

Responding to the AJ's Order, Mr. Manigault asserted that the Board had jurisdiction over his appeal because, at the time of his removal, he was not a

---

[1] Mr. Manigault was reported AWOL on June 9, 18, and 19, 2003.

probationary employee. Mr. Manigault stated that, prior to his employment with the agency, he had worked as a Psychiatric Nursing Assistant (GS-5) at the Veterans Affairs Medical Center in Cleveland, Ohio. According to Mr. Manigault, there was no break in service between his employment at the Department of Veterans Affairs and his employment at the agency. Thus, Mr. Manigault asserted, under McCormick v. Department of the Air Force, 307 F.3d 1339 (Fed. Cir. 2002), he was entitled to appeal rights to the Board.

Noting Mr. Manigault's argument, the AJ stated:

> In McCormick v. Department of the Air Force, 307 F.3d 1339, 1340-43 (Fed. Cir. 2002), the Court of Appeals for the Federal Circuit held that an appellant meets the definition of "employee" under 5 U.S.C. §7511(a)(1)(A), and is entitled to appeal rights to the Board, if he is an individual in the competitive service and is either (i) not serving a probationary or trial period under an initial appointment; or (ii) has completed 1 year of current continuous service under other than a temporary appointment limited to 1 year or less. In light of McCormick, therefore, the appellant might qualify as an employee with Board appeal rights, even though he was terminated before the completion of his initial probationary or trial period as a Nursing Assistant, if, as he alleges, he had already completed at least 1 year of current continuous service under other than a temporary appointment limited to 1 year or less.

Manigault v. Dep't of the Army, No. AT-315H-03-0854-I-1, slip op. at 3 (M.S.P.B. Oct. 31, 2003) ("Initial Decision").

The agency responded that there was a break in service between Mr. Manigault's employment with the Department of Veterans Affairs and his employment with the Department of the Army. In support of this argument, the agency submitted two SF-50s demonstrating that Mr. Manigault's appointment with the Department of Veterans Affairs was terminated on July 18, 2002, and that he was not appointed to his

position with the Department of the Army until July 28, 2002, leaving a 10-day break in service.

At oral argument before this court, counsel for Mr. Manigault stated that, during a telephone conference, he notified the AJ that the SF-50 from the Department of Veterans Affairs upon which the agency was relying was incorrect because the effective date of Mr. Manigault's termination from his position with the Department of Veterans Affairs should have read July 27, 2002, as opposed to July 18, 2002. Having informed the parties that the record was closed, on October 31, 2003, the AJ issued an initial decision dismissing the appeal for lack of jurisdiction. Initial Decision. The AJ held that Mr. Manigault was a probationary employee and thus had only limited appeal rights as provided under 5 C.F.R. § 315.806. The AJ based his conclusion on "unrebutted documentary evidence" submitted by the agency, in the form of the two SF-50s indicating that there had been a break in Mr. Manigault's service. Id., slip op. at 3. As Mr. Manigault did not raise a claim that his termination was based on marital status discrimination or partisan politics, the AJ determined that the Board did not have jurisdiction over his appeal. Id., slip op. at 4.

On November 18, 2003, the Department of Veterans Affairs issued a corrected SF-50, which indicated that Mr. Manigault's termination from the agency occurred on July 27, 2002. Armed with the corrected SF-50, Mr. Manigault petitioned the Board for review of the AJ's initial decision. After concluding that there was "no new, previously unavailable, evidence and that that the administrative judge made no error in law or regulation that affects the outcome," the Board denied the petition for failure to meet the criteria for review set forth at 5 C.F.R. § 1201.115(d). Final Decision.

We have jurisdiction over Mr. Manigault's appeal pursuant to 28 U.S.C. § 1295(a)(9).

II.

We review decisions of the Board regarding its own jurisdiction without deference. McCormick, 307 F.3d at 1340 (citing King v. Briggs, 83 F.3d 1384, 1387 (Fed. Cir. 1996)). Before the Board, an appellant bears the burden of establishing Board jurisdiction. Id. (citing 5 C.F.R. § 1201.56(a)(2)(i); Clark v. United States Postal Serv., 989 F.2d 1164, 1167 (Fed. Cir. 1993)).

Mr. Manigault argues on appeal that the Board erred in failing to consider the corrected SF-50 he submitted in connection with his petition for review. According to Mr. Manigault, the corrected form constituted "new and material evidence" under 5 C.F.R. § 1201.115(d) because the form would have been outcome determinative on the issue of jurisdiction and could not have been obtained before the close of the record despite due diligence. Mr. Manigault asserts that he was unaware of the error on the SF-50 until the agency attached the form to its response to the AJ's Order concerning jurisdiction. Consequently, Mr. Manigault states, he did not begin the process of obtaining a corrected SF-50 until that point, and despite his diligence, was unable to obtain a corrected form until after the close of evidence.

The government responds that because the information contained in the corrected SF-50 was neither "new" nor "previously unavailable" evidence, the Board properly denied Mr. Manigault's petition for review. This is so, according to the government, because "there is no account by Mr. Manigault of why he could not provide the proper documentation to the MSPB administrative judge." The government argues

that, in the absence of a "reasonable explanation as to why the additional material or testimony could not have been supplied earlier," we must affirm the Board's dismissal of Mr. Manigault's petition. See Avansino v. United States Postal Serv., 3 M.S.P.B. 308, 310 (1980).

We disagree with the government. We think that Mr. Manigault has provided a reasonable explanation as to why the corrected SF-50 was not presented to the AJ. First, Mr. Manigault asserted before the AJ that at the time of his termination he had completed one year of current continuous service. Moreover, when Mr. Manigault became aware of the error on the SF-50 regarding his termination date from the Department of Veterans Affairs, he took steps to obtain a corrected form. Thus, we believe that the corrected SF-50 Mr. Manigault received on November 18, 2003, constituted new, previously unavailable evidence and that the Board erred in not considering the corrected form. The parties agree that the SF-50 originally submitted by the agency listed in error the date of Mr. Manigault's termination from the Department of Veterans Affairs. The parties also agree that, in fact, there was no break in service between Mr. Manigault's employment at the Department of Veterans Affairs and his employment at the agency. Under these circumstances, it appears undisputed that the Board has jurisdiction over the appeal. Accordingly, the decision of the Board dismissing Mr. Manigault's appeal for lack of jurisdiction is reversed. The case is remanded to the Board for adjudication of the merits of the agency's action removing Mr. Manigault from his position.