Jonathan McCUTCHEON,
Jr., Petitioner,

v.

**UNITED STATES POSTAL SERVICE,**
**Respondent.**

No. 01–3101.

United States Court of Appeals,
Federal Circuit.

Nov. 7, 2001.

**940**

Before MAYER, Chief Judge, LOURIE and LINN, Circuit Judges.

PER CURIAM.

Jonathan McCutcheon, Jr., seeks review of the July 20, 2000, decision of the Merit Systems Protection Board, No. DC3443000589–I–1, which found it did not have jurisdiction to hear his appeal. We *affirm.*

McCutcheon was a tractor-trailer operator, grade PS–06, with the United States Postal Service. On April 19, 1999, and again on February 27, 2000, he was involved in accidents while driving Postal Service vehicles. As a result, the Postal Service permanently revoked his driving privileges and reassigned him to a non-driving position. The Postal Service did not reduce his grade or pay.

The Merit Systems Protection Board concluded that it did not have jurisdiction over this matter because McCutcheon was not reduced in grade. We review the board's decision regarding its own jurisdiction *de novo. King v. Briggs*, 83 F.3d 1384, 1387 (Fed.Cir.1996). The petitioner bears the burden of establishing the board's jurisdiction by a preponder-ance of the evidence. 5 C.F.R. § 1201.56(a)(2); *Clark v. United States Postal Serv.*, 989 F.2d 1164, 1167 (Fed. Cir.1993). Our review is limited to setting aside any action that is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (1994). *See Yates v. Merit Sys. Protection Bd.*, 145 F.3d 1480, 1483 (Fed.Cir.1998).

The board lacks jurisdiction to consider an appeal of a job reassignment where the employee did not suffer any loss of pay or grade. *McEnery v. Merit Sys. Protection Bd.*, 963 F.2d 1512, 1514 (Fed.Cir.1992). Furthermore, the potential for loss of pay in the future is insufficient to establish jurisdiction. *Id.* McCutcheon failed to establish the board's jurisdiction because he did not provide any evidence that he actually suffered a loss in pay or grade; he only expressed a concern that he may lose pay or grade in the future.