Michael HILL, Petitioner,

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

No. 02–3087.

United States Court of Appeals, Federal Circuit.

DECIDED: Oct. 11, 2002.

Before MAYER, Chief Judge, CLEVENGER and RADER, Circuit Judges.

PER CURIAM.

Michael Hill seeks review of the September 26, 2001, decision of the Merit Systems Protection Board, No. DE0752010144–I–1, 90 M.S.P.R. 452, concluding it did not have jurisdiction to hear his appeal. We *affirm.*

Hill was indefinitely suspended and subsequently removed from his position as a correctional officer at the United States Penitentiary in Leavenworth, Kansas. He filed a grievance and the matter was sent to arbitration. The arbitrator found for the government and we ultimately affirmed that decision. *Hill v. Dep't of Justice,* 215 F.3d 1348 (Fed.Cir.1999) (Table). Hill then appealed his discharge to the Merit Systems Protection Board which dismissed for lack of jurisdiction.

We review the board's decision regarding its own jurisdiction *de novo. King v. Briggs,* 83 F.3d 1384, 1387 (Fed.Cir.1996). The petitioner bears the burden of establishing the board's jurisdiction by a preponderance of the evidence. 5 C.F.R. § 1201.56(a)(2) (2002); *Clark v. United*

*States Postal Serv.*, 989 F.2d 1164, 1167 (Fed.Cir.1993). Our review is limited to setting aside any action that is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000). *See Yates v. Merit Sys. Prot. Bd.*, 145 F.3d 1480, 1483 (Fed.Cir.1998).

Under 5 U.S.C. § 7121(g), an employee who is subject to a collective bargaining agreement may file a grievance or a petition with the board, but not both. Hill filed a grievance; therefore, the board does not have jurisdiction to hear his subsequent appeal.