NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3157

GLORIA M. ALMARAZ,

Petitioner,

v.

DEPARTMENT OF LABOR,

Respondent.

_____

DECIDED: October 7, 2005

_____

Before RADER, Circuit Judge, ARCHER, Senior Circuit Judge, and SCHALL, Circuit Judge.

PER CURIAM.

## DECISION

Gloria M. Almaraz petitions for review of the final decision of the Merit Systems Protection Board ("Board") that dismissed, for lack of jurisdiction, her individual right of action ("IRA") appeal under the Whistleblower Protection Act of 1989 ("WPA"), Pub. L. No. 101-12, 103 Stat 16 (1989) (codified at 5. U.S.C. § 2302(b)(8)). Almaraz v. Dep't of

Labor, No. DA-1221-04-0344-W-1 (Mar. 14, 2005) ("Final Decision"). We affirm the dismissal of Ms. Almaraz's appeal.

DISCUSSION

I.

During the period of time relevant to this appeal, the Department of Labor ("Labor") employed Ms. Almaraz as a compliance officer in its Office of Federal Contract Compliance in San Antonio, Texas. On May 10, 2002, Ms. Almaraz wrote to Assistant District Director Kay Rivera requesting an eight-week leave of absence. Ms. Rivera forwarded the request via e-mail to Larry Garza, District Director. Mr. Garza, in turn, sought advice from Fred Azua, Jr., Labor's Regional Director, concerning the process for considering the request. On June 18, 2002, Mr. Garza informed Ms. Almaraz that he had granted her request for four weeks of leave, but that he could not approve her request for eight weeks of leave.

On June 26, 2002, Ms. Almaraz wrote to Mr. Azua protesting Mr. Garza's decision not to grant her the full eight weeks of leave that she had requested. In her letter, Ms. Almaraz complained that there was a double standard because Mr. Garza previously "approved a six month leave of absence [for another employee]; and the leave was approved at the time it was requested." Mr. Azua rejected Ms. Almaraz's protest. On August 8, 2002, Ms. Almaraz contacted Labor's Equal Employment Office ("EEO"), claiming that, in denying her leave request, the agency had discriminated against her based upon gender.

On October 24, 2003, Ms. Almaraz filed a "complaint of prohibited activity" with the Board's Office of Special Counsel ("OSC"). In her complaint, Ms. Almaraz alleged

that Mr. Garza and other Labor officials had violated agency leave policy and had violated merit systems performance rating principles. She also alleged that Labor had released confidential information without notifying her and had taken reprisals against her for reporting violations of law. Ms. Almaraz sought corrective action from OSC.

After exhausting her remedies before OSC, Ms. Almaraz filed an IRA appeal with the Board. In an initial decision dated June 25, 2004, the administrative judge ("AJ") to whom the appeal was assigned dismissed Ms. Almaraz's appeal on the ground that Ms. Almaraz had failed to establish that the Board had jurisdiction. Almaraz v. Dep't of Labor, No. DA-1221-04-0344-W-1 (Jun. 25, 2004) ("Initial Decsion"). The AJ ruled that Ms. Almaraz had failed to demonstrate that he she had made a non-frivolous allegation of a protected disclosure, as required by 5 U.S.C. § 2302(b)(8).

The Initial Decision became the final decision of the Board after the Board denied Ms. Almaraz's petition for review for failure to meet the criteria for review set forth at 5 C.F.R. § 1201.115(d). This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

II.

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c); Kewley v. Dep't of Health & Human Servs., 153 F.3d 1357, 1361 (Fed. Cir. 1998). We review decisions of the Board regarding its own jurisdiction without deference. McCormick v. Dep't of the Air

Force, 307 F.3d 1339, 1340 (Fed. Cir. 2002) (citing King v. Briggs, 83 F.3d 1384, 1387 (Fed. Cir. 1996)). Before the Board, an appellant bears the burden of establishing Board jurisdiction. Id. (citing 5 C.F.R. § 1201.56(a)(2)(i); Clark v. United States Postal Serv., 989 F.2d 1164, 1167 (Fed. Cir. 1993)). We see no error in the Board's dismissal of Ms. Almaraz's appeal.

The Board has jurisdiction over an IRA appeal if the appellant has exhausted his or her administrative remedies before OSC and alleges (1) that he or she engaged in whistleblowing activity by making a protected disclosure under 5 U.S.C. § 2302(b)(8), and (2) that the disclosure was a contributing factor in the agency's decision to take, or fail to take, a personnel action. The Board ruled that Ms. Almaraz had exhausted her remedies before OSC, but had failed to demonstrate that she had engaged in whistleblowing activity by making a protected disclosure. A protected disclosure is a disclosure in which the person making it reasonably believes evidences a violation of a law, rule, or a regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety. See 5 U.S.C. § 2302(b)(8); Meuwissen v. Dep't of the Interior, 234 F.3d 9, 12 (Fed. Cir. 2000); Lachance v. White, 174 F.3d 1378, 1381 (Fed. Cir. 1999).

As she did before the Board, Ms. Almaraz argues that her June 26, 2002 letter to Mr. Azua constituted a protected disclosure. In addition to relying on her June 26th letter, Ms. Almaraz submitted to the Board copies of e-mails reflecting that Mr. Garza had sought advice from Mr. Azua on how to handle Ms. Almaraz's leave request. Ms. Almaraz also furnished the Board with a copy of a November 27, 2002 affidavit by Mr. Garza relating to Ms. Almaraz's leave request. We think that the Board properly

rejected Ms. Almaraz's arguments based upon the June 26th letter and her related submissions. As the AJ noted, the matters discussed in the June 26th letter were already known to Mr. Azua. Under these circumstances, it could not be said that Ms. Almaraz disclosed information of wrongdoing that was concealed or not publicly known. See Meuwissen, 234 F.3d at 13.

For the foregoing reasons, the decision of the Board dismissing Ms. Almaraz's IRA appeal is affirmed.

Each party shall bear its own costs.