Note: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

06-3126

SUSANNE ATANUS

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

_____

DECIDED:  June 12, 2006
_____

Before NEWMAN, GAJARSA, and LINN, Circuit Judges.

PER CURIAM.

Susanne Atanus appeals from a final order of the Merit Systems Protection Board (the "Board") dismissing her claim against the Securities and Exchange Commission (the "SEC") for lack of jurisdiction.  Atanus v. Merit Sys. Prot. Bd., No. AT-3443-05-0383-I-1 (MSPB: Initial Decision issued May 16, 2005; Final Order issued November 21, 2005) ("Dimissal Order").  We affirm.

## FACTS

Atanus alleges that the SEC improperly denied her application for a position as a securities compliance examiner.  The vacancy announcement for the position, dated

December 8, 2004, specified an application deadline of December 30, 2004. [RA at 43] According to Atanus's account, about a week before the deadline, she experienced technical difficulties with the online application process provided by Avue Digital Services. When a call to Avue's help desk went unreturned, Atanus contacted the SEC employee listed on the vacancy announcement, Maryangela Veon. Veon returned her call the same day, advising Atanus that she would have to work with the Avue help desk to fix the technical problems. Several days later—apparently without the benefit of assistance—Atanus successfully navigated the troublesome part of the online application.

Atanus claims that on December 30, 2004—the deadline for applications—she attempted to file her electronic application using the Avue online system. Because of what she describes as a "computer glitch," however, her online submission failed to go through. In the following days she sent a paper copy of her application to the SEC by U.S. mail and followed up with Avue and the SEC by telephone call, voicemail, and e-mail. The SEC allegedly never responded to her requests seeking confirmation that the agency would consider her late-filed paper application. On January 15, 2005, Atanus notified the SEC that if it did not consider her application, she would file an action with the Board. Apparently receiving no response, Atanus filed her complaint with the Board on January 27, 2005.

The Board responded to Atanus by letter on February 15, 2005, acknowledging her complaint and, although noting that it was "unclear" whether Atanus has been "subjected to an appealable action" within the jurisdiction of the Board, provided her with materials to assist in filing an appeal. [RA at 52] Atanus filed her appeal on February

06-3126                                    2

23, 2005. [RA at 6] On February 28, 2005, the Board issued an Acknowledgement Order, which noted that "[t]he Board may not have jurisdiction over" an action alleging a failure to hire and ordered Atanus to "file evidence and argument that this action is within the Board's jurisdiction." [RA at 42] Atanus filed a "Statement of Jurisdiction" on March 15, 2005, asserting that the Board had jurisdiction pursuant to 5 C.F.R. § 1201.3, which provides that the Board "has jurisdiction over appeals from agency action" involving "disqualification of an employee or applicant because of a suitability determination." [RA at 32]

The Board dismissed Atanus's appeal for lack of jurisdiction in an initial decision issued on May 16, 2005. The administrative law judge noted that the Board has jurisdiction over non-selection for employment only to the extent such decisions are based on a suitability determination. [RA at 7] It then concluded that there was "no indication" in the record or pleadings that any suitability determination had ever been made in Atanus's case. Because there had been no "determination or finding by the agency that the appellant was unsuitable for employment," the administrative law judge ruled that the Board lacked jurisdiction under 5 U.S.C. § 731.501. [RA at 7]

Atanus filed a petition for review by the full Board, which issued a final order affirming the dismissal on November 21, 2005. This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We review the Board's jurisdictional determinations de novo. Diamond v. U.S. Agency for Int'l Development, 108 F.3d 312, 314 (Fed. Cir. 1997). On appeal, Atanus

argues that the Board erred in concluding that no suitability determination was made with respect to her application.

Atanus's argument is without merit. A suitability determination involves a finding that an individual has been found suitable or unsuitable for employment. 5 C.F.R. § 731.531(a). The Board's jurisdiction over challenges to such determinations is limited to actions by "employees" and "applicants." 5 C.F.R. § 1201.3(a)(7). An "applicant" is defined as "a person being considered for employment." 5 C.F.R. § 731.101(b). The record and pleadings indicate that Atanus, whose application was filed late and by an unauthorized method, was never considered for employment by the SEC.

Even if Atanus were an "applicant" for purposes of the regulation, the Board lacked jurisdiction over her appeal, because she has identified no agency action that could plausibly be considered a suitability determination. Suitability determinations— which are required for competitive federal employment by Executive Order, see Executive Order 10577 and 5 C.F.R. § 731.101—may by regulation consider only enumerated factors, including "misconduct or negligence in employment," criminal conduct, deception, alcohol and drug abuse, violent anti-government activities, and regulatory or statutory bars to employment. 5 C.F.R. § 731.202. The events she describes as constituting a suitability determination—including the Avue help desk's failure to return her call reporting technical difficulties on December 22, 2004, and the SEC's failure to respond to her post-December 30 communications—are simply unrelated to her suitability for employment. We therefore affirm the Board's dismissal of Atanus's appeal for lack of jurisdiction.

No costs.

06-3126                                                    4