## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

CORRETTA LEOLA YOUNG,
                    Appellant,

                v.

U.S. TAX COURT,
                    Agency.

DOCKET NUMBER
DC-315H-15-0450-I-1

DATE: November 9, 2015

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Corretta Leola Young</u>, Upper Marlboro, Maryland, pro se.

<u>Douglas W. Snoeyenbos</u>, Esquire, and <u>Stephanie A. Servoss</u>, Esquire,
    Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her termination appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. However, we MODIFY the initial decision regarding the administrative judge's finding that the appellant's position was excluded by statute from coverage under 5 U.S.C. chapter 75. *Infra* ¶¶ 6-7. Except as expressly MODIFIED by this Final Order to reflect that the appellant's position was, in fact, covered under title 5 of the United States Code, we AFFIRM the initial decision.

¶2      The appellant is a nonpreference-eligible individual. Initial Appeal File (IAF), Tab 1 at 2, Tab 9 at 21. Effective November 30, 2014, the agency appointed her to the excepted-service position of GS-06 Legal Clerk, subject to a 1-year trial period. IAF, Tab 9 at 21-22. The agency terminated the appellant effective January 23, 2015. *Id*. at 28. The appellant filed a Board appeal and requested a hearing. IAF, Tab 1. The administrative judge issued an acknowledgment order informing the appellant that the Board might not have jurisdiction over her appeal, notifying her of the jurisdictional issues, and ordering her to file evidence and argument thereon. IAF, Tab 2 at 3-5.

¶3      After the parties responded, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction on the basis that the appellant failed to make a nonfrivolous allegation that she was an employee with appeal rights under 5 U.S.C. chapter 75. IAF, Tab 13, Initial Decision (ID). The

appellant has filed a petition for review, the agency has filed a response, and the appellant has filed a reply. Petition for Review (PFR) File, Tabs 1,3,5.[2]

¶4      As a nonpreference eligible in the excepted service, the appellant was entitled to appeal to the Board if, at the time of her termination, she was an "employee" under 5 U.S.C. § 7511(a)(1)(C). *Ellefson v. Department of the Army*, 98 M.S.P.R. 191, ¶ 8 (2005). That section defines "employee" as "an individual in the excepted service (other than a preference eligible) - (i) who is not serving a probationary or trial period under an initial appointment pending conversion to the competitive service; or (ii) who has completed 2 years of current continuous service in the same or similar positions in an Executive agency under other than a temporary appointment limited to 2 years or less." There is no indication that the appellant was serving under an initial appointment pending conversion to the competitive service. Therefore, 5 U.S.C. § 7511(a)(1)(C)(i) does not apply, and the remaining issue is whether the appellant met the definition of "employee" under 5 U.S.C. § 7511(a)(1)(C)(ii).[3] *See Forest v. Merit Systems Protection Board*, 47 F.3d 409, 411-12 (Fed. Cir. 1995).

¶5      In this regard, the administrative judge found that the appellant did not meet the definition of "employee" because the agency terminated her before she completed 2 years of service in her position. ID at 4 & n.2. On review, the appellant argues that she had 2 years of service in the same or similar positions with the Social Security Administration, the Department of Justice, and the

---

[2] The appellant filed information at PFR File, Tabs 4 and 6 as well. However, all of the information contained in PFR File, Tabs 4 and 6 is contained in PFR File, Tab 5.

[3] The appellant argues on review that she was not serving a probationary period because she had already completed her probationary period during her previous Federal service. PFR File, Tab 1 at 5-6, Tab 5 at 5-7. The appellant, however, appears to be attempting to apply the competitive-service regulations of 5 C.F.R. subpart 315(H) to her excepted-service position. PFR File, Tab 1 at 5-6, Tab 5 at 5-7; *see Campbell v. U.S. Postal Service*, 88 M.S.P.R. 546, ¶ 9 (2001) (finding that 5 C.F.R. Subpart 315(H) applies only to certain employees serving in or separated from competitive-service positions).

Department of Transportation. PFR File, Tab 1 at 5-6, Tab 5 at 7, 10-11. However, even assuming that the appellant's previous positions were the "same or similar" to her Legal Clerk position, the administrative judge correctly found that her prior service was not continuous with her service as a Legal Clerk. ID at 4 n.2; *see Yeressian v. Department of the Army*, 112 M.S.P.R. 21, ¶ 10 (2009) (defining "current continuous service" as service immediately prior to the action at issue without a break in service of a workday); 5 C.F.R. § 752.402(b) (same). Specifically, the appellant had a break in service of more than 9 years between her separation from her last position and her appointment to the Legal Clerk position. PFR File, Tab 5 at 10. We find that, because the appellant lacked 2 years of current continuous service at the time of her termination, she is not an employee with chapter 75 appeal rights and the Board lacks jurisdiction over her appeal. *See Roy v. Department of Justice*, 115 M.S.P.R. 669, ¶ 8 (2011).

¶6        The administrative judge also found that the Board lacks jurisdiction over the appeal because title 5 of the United States Code does not apply to the appellant's position in the first place. ID at 3-5. Specifically, he found that the appellant was appointed under 26 U.S.C. § 7471(a)(1), which provides that the Tax Court may appoint clerks "without regard to the provisions of title 5, United States Code, governing appointments in the competitive service."[4] ID at 4; IAF, Tab 9 at 21-22. On review, the appellant argues that her position was, in fact, covered under title 5. PFR File, Tab 1 at 4-5, Tab 5 at 6.

¶7        We agree with the appellant. Excluding a position from the appointing requirements applicable to the competitive service means only that the position is in the excepted service; it does not mean that the position is excluded from the requirements of title 5 in general. *Chavez v. Department of Veterans Affairs*, 65 M.S.P.R. 590, 593 (1994). The statutory language at issue here is materially

---

[4] Section 7471(a) of title 26 contains three separate appointing authorities for various types of Tax Court employees. They all contain the same operative language. 26 U.S.C. § 7471(a)(1)-(3).

identical to the statutory language at issue in *Briggs v. National Council on Disability*, 60 M.S.P.R. 331 (1994), *aff'd*, 83 F.3d 1384 (Fed. Cir. 1996). In *Briggs*, the appellant was appointed under 29 U.S.C. § 783, "without regard to the provisions of Title 5 governing appointments in the competitive service." 60 M.S.P.R. at 334. The Board found that, although this appointment provision placed the appellant in the excepted service, it did not exclude her from coverage under chapter 75. *Id*. at 334-35. We likewise find that the language excepting 26 U.S.C. § 7471(a) positions from competitive-service appointing provisions does not serve to exclude such appointments generally from chapter 75 coverage. Nevertheless, our finding does not change the result of this appeal because the appellant still fails to meet the basic definition of "employee" under 5 U.S.C. § 7511(a). *Supra* ¶ 5.

¶8    The administrative judge also found that the appellant lacked chapter 75 appeal rights because she was an "at will" employee who could be terminated at any time. ID at 4. Specifically, 26 U.S.C. § 7471(a)(1) provides that a clerk appointed under that section "shall serve at the pleasure of the Tax Court," and the Standard Form 50 documenting the appellant's appointment states that "all appointments to the court are 'at will' meaning an employee serves at the court's will and that they do not have appeal rights to the Merit Systems Protection Board." IAF, Tab 9 at 22. On review, the appellant argues that the agency failed to raise this issue below and that the administrative judge raised it sua sponte in his initial decision. PFR File, Tab 5 at 4.

¶9    To the extent that the appellant is arguing that this issue was not properly raised, we disagree. The issue of the Board's jurisdiction is always before it and may be raised at any time, below or on review, by the parties or by the Board sua sponte. *Campbell v. Office of Personnel Management*, 90 M.S.P.R. 68,¶ 8 (2001); *Giove v. Department of Transportation*, 89 M.S.P.R. 560, ¶ 8 (2001). We find plausible the agency's and the administrative judge's interpretation of the language regarding service "at the pleasure of the Tax Court." However, we find

it unnecessary at this time to make a conclusive determination on whether this language excludes 26 U.S.C. § 7471(a)(1) positions from chapter 75 coverage because the appellant fails to meet the chapter 75 definition of "employee" regardless. *Supra* ¶ 5.

¶10      Finally, we note that the agency argued below that all Tax Court positions are excluded from chapter 75 coverage because the Tax Court is not part of the Executive Branch and is therefore not an "agency" for purposes of 5 U.S.C. § 105. IAF, Tab 9 at 7-11. The administrative judge did not reach this issue in his initial decision, and, as the agency noted in its own motion to dismiss, this matter is the subject of some ongoing dispute, including a 2014 decision by the U.S. Court of Appeals for the District of Columbia Circuit, finding that the Tax Court is part of the Executive Branch. IAF, Tab 9 at 10-11; *Kuretski v. Commissioner of Internal Revenue*, 755 F.3d 929, 932 (D.C. Cir. 2014). Like the administrative judge, we decline to reach this issue because, regardless of whether the Tax Court is an "agency" for purposes of 5 U.S.C. chapter 75, the appellant is still not an "employee" under that chapter. *Supra* ¶ 5.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request the United States Court of Appeals for the Federal Circuit to review this final decision. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff.

Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case

FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.